**Constantinos, also known as Costas ALEVIZOPOULOS, Plaintiff,**

v.

**CENTRAL AMERICAN AGENCY, Inc., Sociedad Armandos Aristomenis, and Belgian Line, Defendants.**

United States District Court
S. D. New York.
Aug. 18, 1955.

Jacob Rassner and Jacob M. Rudy, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants Central American Agency, Inc. and Sociedad Armandos Aristomenis.

McNutt & Nash, New York City, for defendant Belgian Line.

LUMBARD, Circuit Judge.

This is a motion to vacate a judgment of dismissal for plaintiff's failure to appear pursuant to a notice of examination.

Plaintiff's action was commenced February 24, 1953 and is for damages for personal injuries allegedly sustained by plaintiff as a seaman on October 21, 1951. On January 25, 1955 an order was entered directing the entry of judgment dismissing plaintiff's action unless the plaintiff should appear for examination within sixty days. Plaintiff did not appear and judgment was entered for defendants Central American Agency and Belgian Line on April 14, 1955 and May 2, 1955 respectively.

On or about May 25, 1955 plaintiff advised his counsel that he was in New York and was available for examination. It is plaintiff's position on this motion that he never had knowledge of defendants' notice for examination and that since he is now ready and willing to be examined the dismissal of his case should be vacated.

The only fact alleged in plaintiff's moving papers which gives any substance to plaintiff's application is that he is a seaman. However this fact of and in itself is not enough to justify the granting of this motion in the absence of some plausible and specific explanation. Fischer v. Dover Steamship Co., Inc., 2 Cir., 218 F.2d 682, which should at least entail an affirmative showing that plaintiff and his counsel have taken reasonable precautions to enable the defendants to exercise their procedural rights.

There is no indication that plaintiff's attorney made any effort to reach him until after defendant's motion to dismiss was made in January 1955. Plaintiff's moving papers give no reasonable excuse for his counsel's apparent inability to communicate with him.

The record in this case shows that from the day this suit was commenced in February 1953, the plaintiff was wholly indifferent to his responsibilities as a litigant under the rules of this Court.

Motion denied.