249 F.2d 243
 Don Ellsworth SMITH, Appellant,
v.
Leona KINCAID.
SMITH
v.
Albert J. REECE.
SMITH
v.
Nettie S. RICHARDSON.
SMITH
v.
Carl EPLING.
SMITH
v.
Ernest REED, a minor, by his mother, Mrs. Lawson Reed, as next friend, Appellee.
 Nos. 13130-13134.
 United States Court of Appeals Sixth Circuit.
 November 12, 1957.
 
 Frank Seth Hurd, Cleveland, Ohio, Louis Paisley (of McConnell, Blackmore, Cory, Burke & Kundtz), Cleveland, Ohio, on brief, for appellant.
 Frank Leonetti, Cleveland, Ohio, for appellees.
 Before MARTIN, MILLER and STEWART, Circuit Judges.
 SHACKELFORD MILLER, Circuit Judge.
 
 
 1
 The appellees filed their respective separate actions in the District Court on June 1, 1954, to recover damages for personal injuries incurred in an automobile accident alleged to have been caused by the negligent operation of motor vehicles at the time by the appellant and one William Henry. Service of summons was not made upon Henry. On July 6, 1954, the Marshal made a return on the summons directed against appellant stating that on June 24, 1954, "I did serve the within named Don Ellsworth Smith, by handing to his landlady Mrs. Frank Rice, at 349 W. 5th St., Dover, Ohio, where Don Ellsworth Smith resides, a true and certified copy of this writ, together with copy of complaint."
 
 
 2
 On June 13, 1956, no answer or other defense having been filed by appellant, appellees, without further notice, moved for judgment by default. On June 25, 1956, the cases were called for trial and, appellees having waived trial by jury, testimony was heard by the Court, no counsel appearing on behalf of appellant. Default judgments in the total sum of $57,500 were entered against appellant on June 29, 1956.
 
 
 3
 On October 6, 1956, appellant moved to vacate the judgments under Rule 60 (b), Rules of Civil Procedure, 28 U.S.C. A., on the ground inter alia, that no suit papers had been served upon him nor received by him in connection with the law suit. There was attached in support of the motion appellant's affidavit which stated that on June 2, 1954, he resided at 349 W. 5th Street, Dover, Ohio; that he thereafter moved to 123 East Front Street, Dover, Ohio, where he resided until November 2, 1954, when he left that address and moved to California; and that he returned to Dover, Ohio, on April 14, 1955. The affidavit denied that he had ever received any suit papers in connection with the cases now under consideration. The affidavit did not state the date when appellant moved from 349 W. 5th Street, Dover, Ohio, nor deny that that was his "dwelling house or usual place of abode" on June 24, 1954, when the suit papers were left there. Rule 4(d) (1), Rules of Civil Procedure, provides for service of summons by leaving copies of the summons and complaint at such a place "with some person of suitable age and discretion then residing therein." Nor is any contention made that Mrs. Rice did not live at that address or that the suit papers were not left with her.
 
 
 4
 Appellees filed a counter affidavit of their attorney stating that appellant admitted to him that he received five summons and five complaints or petitions, but did not recall in what action and was "under the impression they were served in connection with a suit in Stark County." There was an action pending against him in the state court. They also filed the affidavit of Mrs. Rice that both she and the appellant lived at 349 W. 5th Street, Dover, Ohio, on June 24, 1954.
 
 
 5
 The District Judge denied the motion to vacate in each action, from which orders these appeals were taken.
 
 
 6
 Appellant's contention that the judgments were void and should be set aside under the provisions of Rule 60(b) (4), Rules of Civil Procedure, because he did not personally at any time receive the suit papers is without merit. Service of process was made in accordance with the provisions of Rule 4(d) (1), which do not require that the papers be served on a defendant personally or a showing that the papers were delivered to the defendant by the person with whom they were left. Jurisdiction over the appellant was accordingly acquired. The judgments were not void. Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278; United States v. Stabler, 3 Cir., 169 F.2d 995, 997; Maher v. Deam, Ohio App., 137 N.E.2d 149.
 
 
 7
 Appellant contends that even if the judgments are not void they should be set aside under the provisions of Rule 60(b) (1) and (6), Rules of Civil Procedure. Rule 60(b) provides that the court "may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment." Neither the motion to vacate judgment nor appellant's affidavit in support thereof states any facts explaining what happened to the suit papers after they were left with Mrs. Rice, although Mrs. Rice made an affidavit which was filed by the appellees, or explaining or pointing out in what way there was any mistake, inadvertence, excusable neglect, or other reason justifying relief. Fischer v. Dover Steamship Co., 2 Cir., 218 F.2d 682, 683; Alevizopoulos v. Central American Agency, Inc., D.C.S.D.N.Y., 137 F.Supp. 689. Nor did appellant show to the Court what defense, if any, he had to the action which he was prevented from asserting. Appellant's affidavit denies the receipt of the suit papers by him, but does not state that he did not have notice or knowledge of the pendency of the actions before the default judgments were entered. See: Jones v. Jones, 7 Cir., 217 F.2d 239, 242.
 
 
 8
 The burden was upon the appellant to bring himself within the provisions of the Rule. A motion to vacate judgment under Rule 60(b) is addressed to the sound discretion of the Court, whose determination will not be disturbed upon appeal except for an abuse of discretion. In our opinion, there was no abuse of discretion on the part of the District Judge in denying the motions to vacate on the showing made by the appellant. Jones v. Jones, supra; Cole v. Fairview Development, Inc., 9 Cir., 226 F.2d 175, 176, certiorari denied 350 U.S. 995, 76 S.Ct. 544, 100 L.Ed. 860.
 
 
 9
 The judgments are affirmed.