No. 44,071

Lizzie May Lackey, *Appellant,* v. Medora Township of Reno County, Kansas; Little Valley Township of McPherson County, Kansas: and Superior Township of McPherson County, Kansas, *Appellees.*

(401 P. 2d 911)

Opinion filed May 15, 1965.

*Archie T. MacDonald,* of McPherson, argued the cause and was on the briefs for the appellant.

*Robert W. Wise,* of McPherson, argued the cause and was on the briefs for the appellee, Little Valley Township.

*Michael E. Chalfant,* of Hutchinson, was on the briefs for the appellee, Medora Township.

*J. R. Rhoades,* of McPherson, was on the briefs for the appellee, Superior Township.

The opinion of the court was delivered by

Parker, C. J.: This was an action for damages resulting from injuries due to an alleged defective township road. The appeal is from an order of the district court of Reno County refusing to vacate a judgment of dismissal and permit the filing of an amended petition.

On December 31, 1963, the plaintiff filed her petition, which sets out the facts material to the controversy in that part, which reads:

"That on November 15, 1962, at about the hour of 7:30 o'clock P. M. on said date, Plaintiff was a passenger in a motor vehicle driven by her husband, A. W. Lackey, in a southerly direction on the township road situated between Section 36 of Little Valley Township and Section 31 of Superior Township, both townships being in McPherson County, Kansas; that said road runs North and South; that said road joins at right angles, and dead ends into the East and West roads running immediately North of and adjacent to Section 1, in

Township 2, Range 4, Reno County, Kansas, which road is bounded on the South at said point by Medora Township.

"That said North and South road was maintained by the Defendants, and each of them, without any warning signs or other signals to warn drivers of the dead end corner immediately ahead; that immediately South of said intersection of said North and South road with said East and West road, was a road ditch approximately twenty-one inches in depth; that said road was dark in color and that the ditch and area immediately South of said road intersection was by reason of its dark color not distinguishable after dark from the road itself; that no barricade had been erected by the Defendants, or any of them, immediately to the South of said Ditch and intersection so as to warn drivers of said North and South road of said ditch;   .   .   ."

The defendants, and each of them, challenged the petition with motions to dismiss because the petition failed to state a claim against the defendants upon which relief could be granted.

On March 4, 1964, the district court sustained the motions to dismiss, stating in a memorandum opinion that the conditions described in the petition did not constitute a defect within the meaning of K. S. A. 68-301.

Plaintiff then filed a motion for leave to file an amended petition. On April 3, 1964, the district court overruled the motion stating that after there had been a judgment of dismissal a petition could not be amended as a matter of course under the provisions of K. S. A. 60-215 (a).

On April 9, 1964, the plaintiff filed a motion to vacate the judgment and for leave to file an amended petition. The motion reads in part:

"Plaintiff states that my mistake and inadvertence, in said petition, she misstated the location of the ditch alleged to constitute a defect in said roads maintained by the Defendants and each of them, and desires to amend said petition so as to allege and state that said ditch was and is within the legal road limits at the point in the intersection where the Plaintiff's injuries and damages were caused and occurred."

The motion further stated that it was filed under the provisions of K. S. A. 60-260 (b) (1) and prayed that the court vacate and set aside the judgment of March 4, 1964. A copy of the amended petition was attached to the motion.

The district court overruled the motion and in a memorandum opinion stated:

"Plaintiff contends that by mistake and inadvertence the location of the allegedly defective ditch was misstated, and further adds that the defendants have installed a warning sign at the intersection of the roads alleged in the petition.

"A review of the authorities and an examination of the proposed amended petition and the applicable code provision compels the conclusion that the motion to vacate and for leave to amend should be overruled in its entirety. It is so ordered this 23rd day of June, 1964."

Thereupon the plaintiff perfected the instant appeal.

Appellant contends that her amended petition stated a cause of action and that therefore it was error for the trial court to refuse to vacate a judgment under the provisions of K. S. A. 60-260 (*b*)(1) which read:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ."

Since the foregoing provision was lifted from rule 60 of the Federal Rules of Civil Procedure we may look to federal cases for its construction and application.

Relief under the provision quoted is not a matter of right, but is addressed to the sound discretion of the trial court. See, e. g., *Fischer v. Dover Steamship Co.*, 218 F. 2d 682; *Smith v. Kincaid*, 249 F. 2d 243; and *Petition of Pui Lan Yee*, 20 F. R. D. 399. Discretion should ordinarily incline towards granting relief in order that judgments reflect the true merits of the case. (*Barber v. Turberville*, 218 F. 2d 34.) However, it is desirable that final judgments not be lightly disturbed and the motions and the grounds for that relief should be closely scrutinized.

If mistake or inadvertency forms the basis for a motion to set aside a judgment, the movant should make some showing as to why he was justified in failing to avoid the mistake or inadvertency. See *Western Union Telegraph Co. v. Dismang*, 106 F. 2d 362; *Petition of Pui Lan Yee*, supra; and *Smith v. Kincaid*, supra.

Appellant makes no explanation as to why the mistake or inadvertency occurred. She alleged in her original petition: ". . . that immediately South of said intersection of said North and South road with said East and West road, was a road ditch approximately twenty-one inches in depth; . . ."

This was the mistake or inadvertency. Appellant would now allege:

"That said East and West road, at the point where said North and South road joins it, is 57 feet in width, and that the traveled portion of said road is approximately 36 feet in width; that situated on the South side of the junction of the said roads, and within the road width of 57 feet as above mentioned, was a road ditch approximately 21 inches in depth. . . ."

The trial court was justified in concluding that the suggested change in language, in and of itself, did not establish a mistake or inadvertent error justifying the vacation of the judgment.

There is nothing to indicate abuse of discretion. An appellant claiming abuse of discretion has the burden of proving the claim. In the absence of an abuse of discretion this court will not review the trial court's action on appeal. See *Western Union Telegraph Co. v. Dismang,* supra; *Smith v. Kincaid,* supra; and *Greenspahn v. Joseph E. Seagram & Sons,* 186 F. 2d 616.

The judgment is affirmed.

FONTRON, J., not participating.