No. 44,628

MINNIE O. WILSON, *Appellee*, v. ROBERT L. MILLER, *Appellant*, and FRANK McCULLA, *Defendant*.

(424 P. 2d 271)

Opinion filed March 4, 1967.

*James J. Lysaught,* of Kansas City, argued the cause, and *Homer Davis,* of Leavenworth, and *Willard L. Phillips, P. B. McAnany, Thomas M. Van Cleave, Jr.* and *John J. Jurcyk, Jr.,* all of Kansas City, were with him on the briefs for the appellant.

*Tom Boone,* of Leavenworth, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order denying a motion to set aside a default judgment rendered in an action for damages resulting from injuries received in an automobile collision.

We first state those facts which are not in dispute.

On February 24, 1964, an automobile driven by the plaintiff, Minnie O. Wilson, collided with an automobile driven by the defendant, Robert L. Miller, but which was owned by the defendant, Frank McCulla. The plaintiff suffered injuries. Negotiations for settlement broke down when the plaintiff refused an offer of $500.

On May 10, 1965, the plaintiff brought an action against Miller and McCulla praying for damages in the amount of $35,000. The sheriff's return shows that both defendants were personally served with summons. Defendant Miller was served on May 13, 1965. Neither party answered or otherwise responded to the summons.

On June 7, 1965, the plaintiff presented evidence and the court rendered a default judgment against the defendants in the amount of $5,000.

Defendant McCulla did not contest the judgment. Defendant Miller, on November 8, 1965, filed a motion to set aside the default

judgment stating that he had a meritorious defense. The motion was supported by Miller's affidavit which stated:

"At the time of the filing of the above case, affiant was a resident of Leavenworth County, Kansas; that at the time of service of summons, affiant was in the process of moving (to the state of Missouri); and, being unaware of the necessity of delivering said papers to his insurance carrier, he inadvertently neglected to notify his insurance carrier, the Farmers Insurance Exchange, of the fact that he was served with summons in the above cause.

"Affiant further states that he did not realize it was necessary for him to forward said papers to the company and that in the confusion of moving, he temporarily misplaced said summons and thereafter failed to notify his insurance carrier of the pendency of the suit."

Following a hearing in which numerous affidavits were filed and considered, the trial court denied the motion to set aside the default judgment.

Defendant Miller has appealed.

The appellant contends that the default was the result of his inadvertence and excusable neglect, and that the trial court abused its discretion in denying the motion to vacate. He suggests that the interest of justice is best served by a trial on the merits, and that matters involving large sums of money should not be determined by default judgments.

We find merit in appellant's suggestion but we must suggest in reply that our entire judicial process for trial of civil controversies would be destroyed if a court's summons or other process were permitted to be treated with neglectful indifference.

The applicable statutory provision (K. S. A. 60-260[*b*]) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ."

The above provision is made applicable to default judgments by K. S. A. 60-255 (*b*) which reads:

"For good cause shown the court may set aside a judgment entered by default in accordance with section 60-260 (*b*)."

It is the general rule, and the rule is conceded by appellant, that the relief to be granted under these provisions rests in the sound discretion of the trial court.

We concur in that policy of the law which favors the hearing of a litigant's claim on the merits. However, laudable as is the policy,

courts are required to make a determination between such a goal and the necessity of achieving finality in litigation.

In *Lackey v. Medora Township,* 194 Kan. 794, 401 P. 2d 911, in considering relief under the provisions of K. S. A. 60-260 (*b*) (1) we stated:

"Since the foregoing provision was lifted from rule 60 of the Federal Rules of Civil Procedure we may look to federal cases for its construction and application.

"Relief under the provision quoted is not a matter of right, but is addressed to the sound discretion of the trial court. See, *e. g., Fischer v. Dover Steamship Co.,* 218 F. 2d 682; *Smith v. Kincaid,* 249 F. 2d 243; and *Petition of Pui Lan Yee,* 20 F. R. D. 399. Discretion should ordinarily incline towards granting relief in order that judgments reflect the true merits of the case. (*Barber v. Turberville,* 218 F. 2d 34.) However, it is desirable that final judgments not be lightly disturbed and the motions and the grounds for that relief should be closely scrutinized." (p. 796.)

The trial court in its discretion might well have granted the motion to vacate the judgment. However, since the relief requested is essentially discretionary, we would be loath to substitute our judgment for that of the trial court in the absence of a clear showing that the neglect was not simply negligence amounting to reckless indifference. (*Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc.,* 301 F. 2d 114.)

The appellant attempts to inject sympathy for his insurer in the case. One of appellant's affidavits states:

"That affiant [representative of the insurer] and Mr. Boone, [attorney for appellee] on numerous occasions, discussed settlement of said claim, and Mr. Boone advised affiant, after an offer of settlement had been made, that plaintiff would not accept said offer; that he could not control his client; and affiant was led to believe that no further action would be taken on the file. Affiant states that thereafter the insurance company's file on the matter was closed."

It is difficult to conclude that the insurer was led to believe that no action would be filed because the appellee turned down an offer of $500 for the settlement of the claim. Furthermore, the law of this state specifically prohibits the mention of insurance in the trial of an action such as we have here, and this court, at the insistence of the insurance carriers, has guarded the right of such insurers to remain aloof from litigation in which the liability of its insured is being tested. (See, *Muck, Administratrix v. Claflin,* 197 Kan. 594, 419 P. 2d 1017, where a brief as *amicus curiae* was filed by the American Insurance Association, American Mutual Insurance

Alliance and National Association of Independent Insurers.) The arrangement for notice to the insurer as to the filing of an action must rest between the insurer and the insured.

The judgment is affirmed.

APPROVED BY THE COURT.

FONTRON, J., dissents.