No. 46,463

PAUL F. LEE, *Appellant*, v. EUGENE D. BROWN, an individual; and EUGENE D. BROWN REALTY COMPANY, a corporation, *Appellees.*

(499 P. 2d 1076)

Opinion filed July 19, 1972.

*Ronald L. Gold,* of Shawnee Mission, argued the cause, and *Thomas J. Caenen,* also of Shawnee Mission, was with him on the brief for the appellant.

*Bill E. Fabian,* of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: Plaintiff, Paul F. Lee, appeals from an order of the district court denying his motion to set aside a judgment entered in favor of the defendants, Eugene D. Brown and Eugene D. Brown Realty Company, a corporation. The motion was filed under K. S. A. 60-260 (*b*).

An appeal from an order denying a motion for relief from a judgment under K. S. A. 60-260 (*b*) presents for appellate review only the order of denial and not the judgment. (*Neagle v. Brooks,* 203 Kan. 323, Syl. ¶ 1, 454 P. 2d 544.) Therefore it will suffice to say that plaintiff filed suit for damages claimed because of the alleged publication of a libelous letter. The defendants answered

and after completing their discovery procedures they filed a motion for summary judgment. Eventually the motion was sustained.

The plaintiff was represented in the action by three different attorneys. The first attorney, Mr. Yohe, filed the case and then withdrew as counsel during the time of defendants' discovery procedures. The second attorney, Mr. Hensel, appeared in opposition to defendants' first motion for summary judgment. At this time plaintiff had yet to undertake discovery procedures and the court overruled defendants' motion with permission to renew the motion at the conclusion of plaintiff's discovery. The record discloses at that time the court inquired as to how soon discovery could be completed by plaintiff. No record of the time requested by plaintiff appears in the record. This occurred December 12, 1969. Ten months later no discovery had been undertaken by plaintiff and on October 29, 1970, the motion for summary judgment was renewed by defendants. Notice of hearing on the renewed motion was mailed to plaintiff's attorney, Mr. Hensel, and the hearing was set for January 25, 1971. At this hearing Mr. Hensel appeared and made an oral request to withdraw as attorney for plaintiff. He was directed to file a formal motion for leave to withdraw and to advise the plaintiff personally that if discovery was not completed by February 22, 1971, counsel for defendants should prepare a journal entry sustaining defendants' motion for summary judgment. Several days thereafter Mr. Hensel obtained and filed his formal journal entry of withdrawal. We can assume that plaintiff was advised as directed since plaintiff's present counsel inquired of the bailiff on February 22, 1971, concerning the status of the case. However, so far as the court and defendants' counsel were concerned no attorney had appeared for plaintiff in the case and a journal entry awarding summary judgment to defendants was mailed to the judge. It was signed and then filed on February 26, 1971.

Thereafter on March 9, 1971, plaintiff's present attorneys entered their appearance in the case. A motion to set aside the judgment, from which this appeal stems, was filed March 12, 1971. After a hearing the motion was overruled and plaintiff has appealed from that order.

The plaintiff-appellant's arguments on appeal are three-fold. He contends the defendants failed to comply with K. S. A. 60-256 (c) which provides that a motion for summary judgment shall be served

at least ten days before the time fixed for hearing. His argument overlooks the notice of hearing originally mailed to plaintiff, *pro se,* on November 17, 1969, and the notice on the renewed motion served on Mr. Hensel as attorney of record for Plaintiff on December 17, 1970.

Secondly plaintiff contends that the judgment entered was void in that the journal entry was filed February 26, 1971, and it erroneously recited that the matter came on for hearing on February 22, 1971. He contends that the journal entry erroneously recorded an appearance for defendants' attorney, who was in fact not present in court on that date; and that it failed to record the fact that plaintiff's attorney, Mr. Gold, did talk to the bailiff at the courthouse on that date. He asserts that Mr. Gold was erroneously advised by the bailiff that the case had been continued and was not to be heard that day.

The third argument of appellant is that the court erred in entering summary judgment because of plaintiff's failure to complete discovery.

The basic rule governing our decision in this case has previously been stated, *i. e.,* a ruling on a motion to vacate and set aside a judgment rests largely within the trial court's discretion. In *Lackey v. Medora Township,* 194 Kan. 794, 401 P. 2d 911, after reviewing some of the federal cases on rule 60, from which K. S. A. 60-260 was lifted, this court stated that relief on such a motion is not a matter of right. The motion is addressed to the discretion of the trial court. In the absence of a showing of abuse of discretion this court on appellate review will not reverse the trial court's order. The rule applies to default judgments. (See *Wilson v. Miller,* 198 Kan. 321, 424 P. 2d 271.) The burden of establishing sufficient grounds for relief by clear and convincing evidence rests upon the movant. (See *Cool v. Cool,* 203 Kan. 749, 457 P. 2d 60.) In *Neagle v. Brooks,* supra, Syl ¶ 2, it was said:

"Where a court has jurisdiction of the parties and the subject matter of the action, a judgment entered by it is not void by reason of failure of the judge to cause written notice of the general nature of the judgment to be mailed immediately to a party who was not present when entry of the judgment was directed (following rule No. 115 of this court)."

The extent of the discretionary power lodged in a trial court under the provisions of K. S. A. 60-206 (*c*) and 60-260 (*b*) (6) is illustrated by our holding in *Wichita City Teachers Credit Union v. Rider,* 203 Kan. 552, 456 P. 2d 42. There a motion was filed to

set aside a money judgment, evidence was presented on the motion and thereafter plaintiff was given a full week to submit any additional evidence. It neglected to do so. The judgment was then set aside and judgment was entered in favor of defendant. On appeal this court affirmed on the basis of the broad discretionary power lodged in the trial court by the statute.

As to plaintiff's first contention it is without substantial merit. Proper notice of hearing was given. Plaintiff's attorney Hensel appeared for argument on the original motion and was present later when the renewed motion was presented. The ruling of the court was then reserved until February 22, 1971, to permit plaintiff the advantages of discovery procedures. Plaintiff failed to undertake discovery. The answer in the case had been filed and the issues joined on May 26, 1969. It was almost two years later on February 26, 1971, that the court signed and filed the journal entry of judgment. Plaintiff had made no attempt in the meantime to comply with the court's oral direction to complete discovery procedures. No reasons for the various changes in plaintiff's attorneys appear in the record. We cannot say the trial court abused its discretion in view of plaintiff's delay in processing his case.

Plaintiff's second contention, the judgment entered is void because of errors in the dates and appearances recited in the journal entry, is patently without merit. As pointed out in *Neagle v. Brooks,* supra, the court had jurisdiction of the parties and the subject matter of the action. If there were erroneous recitals in the journal entry they were of a nature contemplated in K. S. A. 60-260 (*a*). Such clerical errors in the journal entry do not render a judgment void. They may be corrected by the court at any time on its own initiative. Apparently the court found no error in the journal entry. K. S. A. 60-260 (*a*) will not support a *nunc pro tunc* order to wipe out a prior judgment affecting the rights of a party, and mere clerical errors in the journal entry as to dates and appearances will not justify vacating the judgment. (*Matthies v. Railroad Retirement Board,* 341 F. 2d 243, 247.)

In addition, the date a decision is reached by the judge may or may not be the date of the hearing, and the date the decision is journalized and filed will generally postdate the actual decision. This case was finally submitted on January 25, 1971. The judge's decision was reserved until February 22, 1971. The decision was journalized and filed February 26, 1971. We see no material errors

in either the recitation of dates or the recording of appearances of the attorneys. At the time the final decision was reached by the judge the plaintiff's second attorney had withdrawn and the third attorney had not entered an appearance.

The third contention is that the court erred in granting summary judgment because of plaintiff's failure to complete discovery. As we read the record this was not the basis upon which summary judgment was entered.

The letter which forms the alleged basis for plaintiff's publication of libelous matter was written by defendant Brown shortly after plaintiff's employment with the defendant realty company had been terminated. The letter was written to plaintiff and a copy sent to the executive secretary of the Johnson County Board of Realtors, Inc. The letter was sent in response to a previous letter from plaintiff to the defendant Brown, a copy of which had previously been sent to the board of realtors.

In the journal entry of judgment, after reciting the undisputed facts disclosed by defendants' discovery proceedings, the trial court concluded as follows:

"The Court therefore finds as a matter of law that defendants are entitled to summary judgment as prayed for on the grounds that the plaintiff started the communication chain and the defendants' response to the plaintiff was only in answer to the plaintiff's initial correspondence and that defendants' response was solicited or invited by the plaintiff, and as such, enjoyed a qualified privilege. The Court further finds this privilege was not exceeded by the defendants and the letter complained of is not actionable in law. The Court specifically finds that the matter at hand falls under the following cases and authority: *Richardson v. Gunby*, 88 Kan. 47, 127 P. 533; *Mims v. Metropolitan Life*, 200 F. 2d, 800, certiorari denied 245 U. S. 940, 73 S. C. 831; *Mick v. American Dental Association*, 49 N. J. 262, 139 A2d 570, Restatement of Torts, Section 583, 33 Am. Jur., Libel and Slander, Section 93."

This court recently explored this area of the law in *Munsell v. Ideal Food Stores*, 208 Kan. 909, 494 P. 2d 1063. However, as initially pointed out, this appeal is limited to a review of the order denying the motion to set aside the judgment and not the judgment itself. (*Neagle v. Brooks*, supra.)

One last matter deserves our attention. The appellant argued on the motion to vacate the judgment that the trial court abused its discretion in failing to require a record of the proceedings when the attorney for plaintiff, Mr. Hensel, was instructed to advise his client that summary judgment for defendants would be entered if discovery proceedings were not complete by February 22, 1971. The

trial court in response to this argument called counsel's attention to the published Rule 5A of the Tenth Judicial District which provides that the parties in all civil actions shall complete discovery procedures within four months after all answers have been filed or the time for answer has expired, unless for good cause shown the court has extended the time. In conclusion the court stated:

"Now, the Court certainly did not, in this case, extend the time for discovery. Counsel said that he would complete it forthwith, and it was not done, and the plaintiff, in this case, is certainly in no position to complain. I feel the Court has been more than lenient with the plaintiff, and the plaintiff—if anyone has been prejudiced, it has been the defendants."

After reading this record we are inclined to agree with the trial court's comments.

There has been no showing that the trial court was guilty of an abuse of discretion in refusing to set aside the judgment. The order denying the motion is affirmed.