No. 47,134

RELIANCE INSURANCE COMPANIES and MARYLAND CASUALTY COMPANY, *Appellees*, v. THOMPSON-HAYWARD CHEMICAL COMPANY, *Appellant*, and HUEBSCH ORIGINATORS OF MILWAUKEE, WISCONSIN, *Appellee*.

(519 P. 2d 730)

Opinion filed March 2, 1974.

*John E. Rees*, of Kassebaum & Rees, of Wichita, argued the cause and was on the brief for appellant.

*Richard L. Honeyman*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause and was on the brief for appellees Reliance Insurance Companies and Maryland Casualty Company.

*H. E. Jones*, of Hershberger, Patterson & Jones, of Wichita, argued the cause, and *Stephen J. Jones*, of the same firm, was with him on the brief for appellee Huebsch Originators of Milwaukee, Wisconsin.

The opinion of the court was delivered by

FATZER, C. J.: This appeal is from an order of the district court denying the appellant's motion to set aside a default judgment.

The appellees, Reliance Insurance Companies and Maryland Casualty Company, were plaintiffs in an action against appellant Thompson-Hayward Chemical Company and appellee Huebsch

Originators of Milwaukee, Wisconsin. For purposes of clarity Reliance Insurance Companies and Maryland Casualty Company are hereafter referred to as appellees; Thompson-Hayward Chemical Company as Thompson-Hayward or appellant, and Huebsch Originators of Milwaukee, Wisconsin as Huebsch.

This action stems from a fire at Royal Cleaners, Inc., Wichita, Kansas. On March 24, 1969, some clothing in one of six Huebsch's clothes dryers owned and operated by Royal caught fire and spread to adjacent areas causing damage to Royal's building, equipment and customers' clothing. The appellant is the local sales representative of Huebsch. The appellees, as insurers of Royal's building and its contents, made payment for damages caused by the fire. On January 14, 1971, the appellees filed an action asserting subrogation claims totaling $35,681.85 against Thompson-Hayward and Huebsch. In their petition, appellees alleged Thompson-Hayward and Huebsch were liable by reason of negligence, breach of express and implied warranties, and breach of contract.

On January 15, 1971, Thompson-Hayward was served with copies of the petition and summons at its business office in Wichita. The answer date for Thompson-Hayward was February 4, 1971. Service of process on Huebsch was directed to the Secretary of State who served Huebsch on January 19, 1971, pusuant to K. S. A. 17-509 (repealed L. 1972, Ch. 52, § 153, now K. S. A. 1973 Supp. 17-7307). Answer date for Huebsch was March 1, 1971.

Thompson-Hayward did not file an answer within the prescribed time. On the morning of February 8, 1971, Mr. Russell E. Swisher, the claims manager in Wichita for Thompson-Hayward's insurance carrier, Hartford Insurance Group, was informed by telephone from Hartford's New York office of the pending lawsuit and that the answer date was February 4, 1971. Mr. Swisher immediately contacted appellees' attorney and inquired if he would consent to granting Thompson-Hayward an extension of time within which to file an answer. Counsel declined the request. Thereafter, Mr. Swisher asked Mr. James R. Barr, a member of the Wichita bar, to protect the interests of Thompson-Hayward. On the same date, February 8, appellees' attorney prepared a motion for default judgment and mailed a copy to Thompson-Hayward's Wichita office. At the same time, Thompson-Hayward was given notice that the motion would be heard on February 19, 1971. Appellees' motion was filed in the district court on February 9, 1971.

On February 16, 1971, Mr. Barr filed a motion on behalf of Thompson-Hayward requesting leave to file an answer out of time. Deleting the introductory phrase, that motion alleged:

". . . [T]hat defendant is a large corporation with various levels of responsibility, and that the original time for filing answer was consumed in transmitting summons through defendant's normal chain of command, and for that reason the matter was not placed in local counsels' hands in time to file said answer, all of which this defendant maintains is excusable neglect."

The following day, February 17, Thompson-Hayward's retained counsel filed an answer which denied appellees' allegations, and alleged that any action based upon breach of warranty or contract was barred by the statute of limitations, K. S. A. 60-512.

At the hearing on February 19, the district court granted default judgment against Thompson-Hayward, finding the appellant's motion failed to show a sufficient reason or excuse for its failure to timely file an answer. No record was made of the hearing and no journal entry was prepared. In conjunction with the hearing, Thompson-Hayward filed a motion for production of all non-privileged documents in appellees' possession containing discoverable information. The record indicates no action was taken on this motion until it was overruled on May 28, 1971.

On March 1, 1971, Thompson-Hayward filed a motion to set aside the default judgment pursuant to K. S. A. 1970 Supp. 60-255 (b) and K. S. A. 60-260 (b). Thompson-Hayward alleged its failure to answer timely was occasioned by reason of mistake, inadvertence, surprise or excusable neglect; that at the hearing granting appellees a default judgment the court had considered only the petition and motion before it and no evidence was presented; that at the time the default judgment was entered against the appellant, the time to answer had not yet expired for Huebsch, a co-defendant who was alleged to be jointly and severally liable, and that appellees had not communicated to Thompson-Hayward any claim of liability prior to service of process.

At the time Thompson-Hayward filed its motion to set aside the default judgment, it also filed a motion to alter or amend judgment pursuant to K. S. A. 1970 Supp. 60-259. In support of its motion to alter or amend, Thompson-Hayward alleged no evidence was offered or presented to the court at the hearing on February 19; that no findings of fact were made by the court; that appellees lack *prima facie* evidence as to liability on the part of Thompson-Hayward,

and that appellees' claim of breach of warranty was barred by the statute of limitations which was known or should have been known by them. Appellant requested oral argument and leave to present evidence in support of both motions.

Additionally, and on the same date, March 1, Thompson-Hayward filed a cross-claim for indemnification against Huebsch. The grounds alleged were negligence, breach of implied warranty, and breach of contract. Thompson-Hayward then commenced discovery. Appellees permitted Thompson-Hayward to examine the dryer unit which had caused the fire, and furnished Xerox copies of photographs; a copy of the Wichita Fire Department's investigation report, and copies of subrogation documents. The appellant was also advised that Haag Engineering Company of Dallas, Texas, had investigated the fire loss for appellees and submitted a written report. The appellant was informed it was the opinion of Haag Engineering Company that when the dryer was installed at Royal Cleaners, Inc., someone had not taken off a wire that had been placed through a pin for shipping purposes and that wire prohibited a safety plate from falling and confining the fire to the dryer.

On March 4, 1971, Huebsch filed an answer to plaintiffs' petition and a cross-claim against Thompson-Hayward. Mention should be made that on February 24, Huebsch obtained a ten-day extension—from March 1, to March 11—in which to file its answer, hence its answer was timely filed. The answer denied the allegation of appellees' petition, and further alleged:

". . . [T]hat the applicable statutes of limitation have expired, and that therefore plaintiffs' Petition fails to state a claim upon which relief can be granted.

". . . [T]hat plaintiff's insured Jack B. Stephens was himself guilty of the acts of negligence in the way of omission and commission, and that by reason thereof plaintiffs are not entitled to recover from this defendant.

". . . [T]hat if the plaintiffs sustained any damage it was by reason of the negligence of third persons, including this defendant's codefendant over whom they had no control, and that therefore plaintiffs are not entitled to recover from this defendant.

". . . [T]his defendant by answering herein does not waive, but specifically asserts the defenses of lack of jurisdiction of the person of this defendant, insufficiency of process, insufficiency of the service of process, and failure of the plaintiffs to state a claim upon which relief can be granted."

Huebsch's cross-claim against Thompson-Hayward asserted each allegation contained in its answer against the appellees, and further asserted that Thompson-Hayward was negligent in connection with

the sale and installation of the dryer and that by reason thereof Huebsch was entitled to indemnity from Thompson-Hayward for any sums it may be required to pay the appellees.

On March 5, 1971, Thompson-Hayward filed a demand for jury trial pursuant to K. S. A. 60-238. On April 8, the administrative judge entered an ex parte order placing the case on the court's nonjury docket. Thompson-Hayward immediately sought vacation of the order, and on April 30, 1971, the court ordered the case placed on the jury trial docket.

On March 8, Thompson-Hayward amended its answer filed February 17, to include an allegation of contributory negligence on the part of the appellees' insured, Royal, and also filed its answer to Huebsch's cross-claim.

Thompson-Hayward's discovery efforts resulted in a motion by the appellees to stay all discovery proceedings and for a determination by the court of the scope of discovery to be permitted. At a hearing on May 28, Thompson-Hayward argued it was entitled and required to show factual information disclosing a meritorious defense in support of its motions to set aside the default judgment and to alter or vacate the judgment. Appellees argued a showing of a meritorious defense was not required to support a setting aside of a default judgment under K. S. A. 60-255 (b) and K. S. A. 60-260 (b). All parties conceded that discovery should be permitted with respect to the issue of damages. Regarding the scope of discovery, the court stated:

". . . you have discovered as much through depositions and various other methods of discovery that as far as I'm concerned you are entitled to use, . . . I think you have a right to deny [the liability allegations] . . . of the petition. . . . Then it becomes a question of how much more, how far are you to go with this determining that you have a meritorious defense and what I'm saying is I think that the Court has got to call a halt to it sometime and has got to put a limit on how far you can go. . . ."

An evidentiary hearing was held by the district court on July 8. Prior to the hearing, Thompson-Hayward filed an amended motion to set aside the default judgment. Evidence was presented by the appellant with respect to its sales procedures and pre-litigation communication between Thompson-Hayward and appellees. Concerning its failure to file a timely answer, the evidence disclosed that Thompson-Hayward is a subsidiary of North American Phillips Corporation whose home office is in New York. The summons and petition were transmitted by Thompson-Hayward's Wichita office

through its Kansas City office to New York. They were received in North American's office on Thursday, January 21, 1971, and placed on the desk of North American's corporate insurance officer. No action was taken on the summons and petition for seven business days, that is, until Monday, February 1, 1971, due to the absence of the corporate insurance officer—his absence being caused by North American's recent change of insurance carrier. The remaining delay of three business days was occasioned by the transmittal of the summons and petition to Hartford by an administrative assistant. At a subsequent hearing on July 29, the district court held appellant had not shown reason sufficient to set aside the default judgment.

Thereafter, on August 2, Thompson-Hayward filed a motion for default judgment on its cross-claim against Huebsch which had been filed March 1—some five months prior. On the same date Huebsch filed an answer to Thompson-Hayward's cross-claim.

On September 3, the district court overruled Thompson-Hayward's motion for default judgment on its cross-claim against Huebsch. The district court reasoned the primary defenses of Huebsch had been presented in its answer to appellees' petition and Thompson-Hayward was not prejudiced by Huebsch's failure to answer out of time. At the same hearing and over objection of counsel for both Thompson-Hayward and Huebsch, the district court ruled the action would be set down for a hearing to determine damages. The court further ordered:

". . . [Damages will] be determined by the court without a jury at a hearing to be set by the court and at which the Plaintiffs shall present evidence as to the amount of their claim and the Defendants, or either of them, shall not present evidence, examine the witnesses called by Plaintiffs nor otherwise participate or be heard."

On various dates thereafter, the district court entered orders overruling all of Thompson-Hayward's motions. At a pretrial hearing on September 17, the district court sustained the appellees' motion to dismiss its claim against Huebsch. The court also sustained Huebsch's motion to dismiss Thompson-Hayward's cross-claim against it, and their cross-claim against Thompson-Hayward.

On October 26, the district court again denied Thompson-Hayward a trial by jury on the issues of damages. After hearing the testimony of appellees' claims adjustors and admitting into evidence the report of Haag Engineering, the district court entered judgment against Thompson-Hayward for $35,681.85. Thereafter,

Thompson-Hayward perfected this appeal, raising eleven specifications of error. We shall consider only those necessary to the resolution of this appeal.

Defaults are not favored in law. (*Sharp v. Sharp*, 196 Kan. 38, 409 P. 2d 1019; *Wilson v. Miller*, 198 Kan. 321, 424 P. 2d 271.) Judgment by default becomes necessary when the inaction of a party frustrates the orderly administration of our judicial process. The section of the Kansas Code of Civil Procedures permitting entry of a default judgment is a deterrent to the strategy of delay. As was previously mentioned, appellant filed a motion to set aside the default judgment pursuant to K. S. A. 1970 Supp. 60-255 (*b*) and K. S. A. 60-260 (*b*). K. S. A. 1973 Supp. 60-255 (*b*) provides:

"For good cause shown the court may set aside a judgment entered by default in accordance with K. S. A. 60-260 (*b*)."

K. S. A. 60-260 (*b*) to which reference is made, reads in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistakes, inadvertance, surprise, or excusable neglect. . . ."

The general rule in Kansas, as acknowledged by appellant, is that granting relief under those sections rests in the sound discretion of the district court. (*Becker v. Roothe*, 184 Kan. 830, 339 P. 2d 292; *State, ex rel., v. Showalter*, 189 Kan. 562, 370 P. 2d 408; *Cadwallader v. Lehman*, 202 Kan. 738, 451 P. 2d 163.) The discretionary aspect clearly establishes the fact that the requesting party is not entitled to relief as a matter of right. (*Lackey v. Medora Township*, 194 Kan. 794, 401 P. 2d 911.)

The appellant discusses our decisions wherein we declined to substitute our judgment for that of the district court and sustained entry of a default judgment. Appellant suggests the cases are distinguishable by the actions of the party requesting relief and the time frame involved. We need not answer the contention for the the reason we are of the opinion the district court abused its discretion in entering default judgment against Thompson-Hayward.

In *Boyce v. Boyce*, 206 Kan. 53, 476 P. 2d 625, the term "excusable neglect" as used in the enlargement statute relating to garnishment proceedings was considered. We held that excusable neglect as used in K. S. A. 60-206 (*b*) was not susceptible to clear definition, and stated that what constituted excusable neglect under the statute must be determined on a case by case basis under facts presented.

Those principles are applicable to the case at bar. Consideration should be given to whether the party's conduct reflects neglectful indifference or negligence amounting to reckless indifference. (*Wilson v. Miller*, supra.) In *Cadwallader v. Lehman*, supra, this court, in considering *Wilson*, stated:

". . . [O]ur entire procedure for trial of civil litigation would be destroyed if a judicial summons or other legal process were allowed to be treated with indifferent neglect. The same might well be said if legal process could, with impunity, be willfully or intentionally ignored. . . ." (l. c. 750.)

The exercise of judicial discretion requires a judge have due regard for what is just under prevailing circumstances and not exercise that discretion in an arbitrary fashion. With respect to the exercise of discretion, in *Tilley v. International Harvester Co.*, 208 Kan. 75, 490 P. 2d 392, we said:

"In the official reports of this court many decisions can be found relating to judicial discretion and the bounds of its exercise. In *Willoughby v. Willoughby*, 178 Kan. 62, 283 P. 2d 428, it was said of judicial discretion that it implies the liberty to act as a judge should act, upon fair judicial consideration, and not arbitrarily. The Court of Appeals for the Tenth Judicial Circuit, in *Atchison, Topeka and Santa Fe Railway Co. v. Jackson*, 235 F. 2d 390, described judicial discretion in these words:

"'. . . The term discretion when used as a guide to judicial action means sound discretion exercised with due regard for that which is right and equitable under the circumstances. It means discretion by reason and conscience to a just result, and it frequently involves painstaking consideration of many factors, giving to each the weight to which it is appropriately entitled. . . .' (p. 393.)" (l. c. 78, 79.)

We have previously acknowledged that the provisions of K. S. A. 1973 Supp. 60-255 (*b*) and K. S. A. 60-260 (*b*) were taken from the Federal Rules of Civil Procedure, and have considered applicable federal cases. See *Neagle v. Brooks*, 203 Kan. 323, 454 P. 2d 544; *Cadwallader v. Lehman*, supra; *Wilson v. Miller*, supra; *Lackey v. Medora Township*, supra. In 10 Wright and Miller, Federal Practice and Procedure, Section 2685, it is stated:

"In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these are the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. . . ." (pp. 265, 266.)

We do not wish to be understood as implying that a single aspect controls or nullifies the necessity of default. Clearly such a conclu-

sion was rejected by this court in *Wilson v. Miller,* supra, when we stated:

"The appellant contends that the default was the result of his inadvertence and excusable neglect, and that the trial court abused its discretion in denying the motion to vacate. He suggests that the interest of justice is best served by a trial on the merits, and that matters involving large sums of money should not be determined by default judgments.

"We find merit in appellant's suggestion but we must suggest in reply that our entire judicial process for trial of civil controversies would be destroyed if a court's summons or other process were permitted to be treated with neglectful indifference." (l. c. 322.)

Thompson-Hayward and Huebsch as co-defendants were charged with joint liability. The appellees, by dismissing the action against Huebsch prevented an adjudication of the merits. We do not believe the necessity of default mandates such an inequity. In 10 Wright and Miller, *op. cit.,* supra, Section 2690, p. 289, the general rule is stated:

". . . [W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. The court in [Frow v. De La Vega, 15 Wall. (82 U. S.) 552, 21 L. Ed. 60] stated that:

" '[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.' "

And so here, we are of the opinion the district court abused its discretion under the total circumstances disclosed by the record. The appellant initiated action to correct the default within two business days after its prescribed answer date. At the time the default judgment was granted against the appellant on February 19, 1971, the time to answer had not yet expired for its co-defendant Huebsch whom appellees alleged was jointly and severally liable. Under the foregoing rule, the entry of default judgment against appellant was incongruous and illegal. Moreover, there is nothing in the record to indicate Thompson-Hayward's failure to timely file an answer frustrated the judicial process or was prejudicial to the appellees. Indeed, the appellees' position had not changed and they could not have been prejudiced by Thompson-Hayward's nominal tardiness in taking action in the district court. In addition, the record shows the depositions of the chief investigators of both plain-

tiffs, which were before the court failed to identify who installed the dryer and neglected to remove the shipping wire. The appellant's answer raised material issues of fact in that respect, a resolution which was vital to a just determination of the action involving a considerable sum of money.

What has been said disposes of this appeal. The appellant has urged other errors relating to matters embodied in the default judgment. In view of the disposition made of this case, those points need not be discussed and decided.

The judgment of the district court against Thompson-Hayward is reversed with directions to sustain the appellant's motion to set aside the default judgment, and the case is remanded for trial on the merits as to all issues.

It is so ordered.