(645 P.2d 377)
No. 52,788

KANSAS TURNPIKE AUTHORITY, *Appellee,* v. JAMES I. JONES and THE KANSAS COMMISSION ON CIVIL RIGHTS, *Appellants.*

Opinion filed May 27, 1982.

*Roger W. Lovett,* chief legal counsel, Kansas Commission on Civil Rights, for appellants.

*Bob W. Storey,* of Topeka, for appellee.

Before FOTH, C.J., REES and SPENCER, JJ.

REES, J.: On January 3, 1977, respondent Kansas Turnpike Authority (KTA) filed with the clerk of the Wyandotte County District Court a written appeal seeking to set aside the order of the Kansas Commission on Civil Rights (KCCR) entered against the KTA as the product of a complaint filed by James I. Jones. The KCCR had found the KTA guilty of unlawful employment practice (K.S.A. 44-1009[a][1] [Weeks]), and the KTA was ordered to cease and desist, to take affirmative action (K.S.A. 44-1005 [Weeks]), and to pay to Jones compensatory damages for back pay, pain, suffering and humiliation, and punitive damages. Service of written notice of the appeal, together with copy of the appeal, was promptly and duly made upon Jones and the KCCR.

The parties agree the matter lay dormant in the district court for some two years. In obvious reaction to the absence of action by the parties, the district court contacted counsel for the parties. The court's communication is not included in the record; Jones and the KCCR describe it as a notice of intended dismissal because of inactivity; KTA describes it as a request for a report on the status of the case. The result was a motion for default

judgment filed by the KTA on February 20, 1979. The KTA claimed entitlement to a default judgment because no answer or other pleading had been filed by Jones and the evidence presented to the KCCR, together with its findings and order, had not been certified by the KCCR to the district court as required by the second paragraph of K.S.A. 44-1011. On March 8, 1979, the KCCR filed with the district court the certified materials.

The record contains docket entries reflecting that on April 6, 1979, the default judgment motion was heard and the district court decision was that it be overruled, but no journal entry memorializing this action was prepared and filed.

Later the proceeding was set for trial September 28, 1979. While no record was made that day, the record on appeal and the representations made to us by the parties reveal the sole action that took place was argument on the default judgment motion, followed by announcement by the trial judge that he was taking the question under advisement with leave granted to the parties to file briefs.

Ultimately the trial judge sustained the motion and entered a default judgment setting aside the KCCR order. Jones and the KCCR have appealed.

The pertinent parts of the default judgment journal entry are:

"7. That K.S.A. 44-1011 is silent as to any  .  .  .   answer time, but only states in the following excerpt:

" 'The evidence presented to the commission, together with its findings and the order issued thereon, shall be certified by the commission as its return.'

"8. That absent statutory provisions regulating the time frame in which to answer, plead or otherwise file 'its return,' this Court must consider what is a reasonable time to do what K.S.A. 44-1011 required the Commission to do as 'its return.'

"9. That this Court finds that a lapse in time of over two years between Notice and Service of Appeal and the compliance with the statutory duty required of the Commission relative to the filing of its record with the Court Clerk to be unreasonable.

"10. That the Court therefore sustains and grants plaintiff's Motion for Default Judgment on the sole ground set out above and enters Judgment for plaintiff, setting aside in whole all findings, conclusions, and orders issued by the Kansas Commission on Civil Rights against this plaintiff relative to the complaint of James I. Jones  .  .  .  ."

While the appeal filed by the KTA contains as its caption "Kansas Turnpike Authority, Plaintiff, vs. James I. Jones and Kansas Commission on Civil Rights, Defendants," the proceed-

ing commenced in the district court was not an original civil action. It was not an original action as might be brought by a prevailing party under the first paragraph of K.S.A. 44-1011. It was a proceeding for judicial review brought under the second paragraph of K.S.A. 44-1011. It was an appeal from a decision and order of the KCCR that concerned a claimant, Jones, and a respondent, the KTA. The KCCR is and was made a party to the judicial review proceeding by virtue of the fifth paragraph of K.S.A. 44-1011 which provides, "The commission shall be deemed a party to the review of any order by the court."

In its brief, the KTA views and treats itself as a plaintiff, Jones and the KCCR as defendants, and the written appeal as a petition. It likens the proceeding to an original action requiring responsive pleading by Jones and the KCCR. Finding no statutory requirement for responsive pleading by way of an answer, it seizes upon the requirement that the KCCR certify to the district court the evidence presented to it together with its finding and order "as its return." Thus its position, and the tact taken by the district court, is that the KCCR certification of its record to the district court, not having been accomplished until twenty-six months after the filing of the appeal, was "out of time" and, under or by analogy to K.S.A. 60-255, default judgment was and is proper. We disagree.

Default judgments are frowned upon. It is said a default judgment becomes necessary only when the inaction of a party frustrates the orderly administration of justice; their value lies in deterrence of the use of delay as a trial strategy. See *Montez v. Tonkawa Village Apartments,* 215 Kan. 59, 62, 523 P.2d 351 (1974); *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.,* 214 Kan. 110, 116, 519 P.2d 730 (1974). It is not and cannot be shown or claimed the inaction in the district court was in any way attributable to tardiness of the KCCR certification. It was the KTA which took the appeal to the district court. Despite the direction of the third paragraph of K.S.A. 44-1011 that an appeal be heard and determined as expeditiously as possible, the KTA did nothing for two years. It was the KTA who was threatened by the district court with dismissal for inaction. Yet it was the KTA who sought and obtained a default judgment. We are satisfied the salutary purpose of default judgments was not served and it is our conclusion the district court abused its discretion and erred in its decision. The circumstances in this

case are not such that the KTA was prejudiced or that the orderly administration of justice was frustrated by the KCCR. If that were so, our conclusion might be different.

A final comment is required. As noted, the district court looked to and the KTA emphasizes the words "as its return" within the statutory requirement of the second paragraph of K.S.A. 44-1011 that "[t]he evidence presented to the commission, together with its findings and the order issued thereon, shall be certified by the commission to [the] district court as its return." Why those three words were inserted in the sentence presently escapes us. Even so, and for two reasons, we are convinced too much is made of them. First, we are unable to attribute to the word "return" a definition or meaning approaching that of an "answer," that is, a statement of admission and denial of allegations and assertion of defenses. Indictments are returned. Sheriffs file returns reporting service or nonservice of legal process. Taxpayers file returns. But we are unaware of any common usage of the word "return" that approaches the equivalent of an answer to allegations. Second, to construe the word "return" as equivalent to an answer is not consonant with the proceeding involved, judicial review of KCCR action. We find the requirement for KCCR certification of its record to the district court akin to the requirement of K.S.A. 66-118d that the Kansas Corporation Commission deliver a certified transcript of its record to the reviewing court when an appeal is taken and to the requirement of K.S.A. 44-552 that the Workers' Compensation Director transfer to the reviewing court the original or a certified copy of the transcript of a worker's compensation proceeding in the event of an appeal.

The default judgment in favor of the KTA is reversed and the case is remanded to the district court for further proceedings.