NOT DESIGNATED FOR PUBLICATION

No. 112,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS A. ROMERO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed February 5, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J, GREEN and STANDRIDGE, JJ.


*Per Curiam*: Luis A. Romero appeals from the district court's order denying his untimely postsentence motion to withdraw his guilty plea to felony burglary and misdemeanor theft. Romero contends he demonstrated excusable neglect sufficient to justify an extension of the statutory 1-year time limitation because he was unaware of potential immigration consequences arising from his plea at the time he entered his plea. For the reasons stated below, we affirm the decision of the district court.

FACTS

On July 25, 2011, Romero pled guilty to one count each of felony burglary and misdemeanor theft pursuant to a plea agreement with the State. Prior to entering his plea, Romero reviewed and signed an acknowledgment of rights and entry of plea with his counsel. The acknowledgment of rights and entry of plea contained the details of the agreement, its potential effect, and the constitutional protections a defendant relinquishes when entering a plea. Moreover, paragraph 9 of the acknowledgment of rights and entry of plea stated that "[i]f I am not a United States citizen, I understand that a conviction of a felony offense most likely will result in my deportation from the United States." At the plea hearing, Romero advised the court that he had read and understood the plea agreement and the acknowledgment of rights and entry of plea, that he had reviewed these documents with counsel, and that he had no additional questions about these documents at that time. On August 30, 2011, the district court sentenced Romero to a 12-month term of probation with an underlying prison term of 11 months. Romero did not appeal from either his plea or his sentence.

On April 4, 2012, Romero appeared at a probation violation hearing where he admitted to violating the terms of his probation. As a result, the district court revoked, reinstated, and extended Romero's probation for an additional 12 months.

On March 1, 2013, Romero consented to an order extending his probation to April 4, 2014, for the purpose of allowing him to pay all financial obligations related to the case.

On November 20, 2013, Romero appeared at another probation violation hearing and again admitted to violating the terms of his probation. This time, the district court revoked Romero's probation and ordered him to serve the underlying 11-month prison sentence.

On July 7, 2014, Romero filed a motion to set aside his plea. In support of the motion, Romero alleged he did not fully understand the consequences of his plea because his trial counsel had failed to discuss with him the potential immigration consequences arising from his plea, as required by *Padilla v. Kentucky,* 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The district court heard argument from counsel at a nonevidentiary hearing. Romero was not present at the hearing, as he apparently was in the custody of Immigration and Customs Enforcement. Following argument, the district court held that Romero's motion was untimely under K.S.A. 2015 Supp. 22-3210(e)(1) and that Romero had not met his burden to show excusable neglect to justify an extension of the statutory 1-year time limitation. Romero timely appeals.

ANALYSIS

Romero argues the district court erred in denying his motion to withdraw his plea without holding an evidentiary hearing. Specifically, he claims that he demonstrated excusable neglect sufficient to justify an extension of the statutory 1-year time limitation because the immigration consequences arising from his plea were not made clear until after his probation was revoked in November 2013, well after the 1-year deadline to file his motion had passed.

An appellate court generally reviews the denial of a motion to withdraw a plea for abuse of discretion. The defendant has the burden of proving abuse of discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). But here, the district court summarily denied Romero's motion after finding that he had failed to establish excusable neglect to file an untimely motion. The district court made this determination based on arguments of counsel without hearing evidence. In this instance, this court exercises de novo review because we are in the same position as the district court to determine whether the motion, records, and files conclusively show that Romero is entitled to no relief. See *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

K.S.A. 2015 Supp. 22-3210(d)(2) provides that a district court may allow a defendant to withdraw his or her plea after sentencing to prevent manifest injustice. Relevant to the facts presented here, a motion to withdraw a plea after sentencing must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2015 Supp. 22-3210(e)(1)(A). The time limitation herein may be extended by the court only upon "an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2015 Supp. 22-3210(e)(2).

Romero was sentenced on August 30, 2011. He did not pursue a direct appeal. Thus, he had until September 13, 2012, to file his postsentence motion to withdraw his plea. See K.S.A. 2015 Supp. 22-3210(e)(1)(A) (postsentence motion to withdraw plea must be brought within 1 year of termination of appellate jurisdiction); K.S.A. 2015 Supp. 22-3608(c) (14 days to perfect appeal after judgment of the district court). Romero did not file his motion until July 7, 2014. Romero acknowledges that his written motion to withdraw his plea was filed outside the 1-year time limitation provided for in K.S.A. 2015 Supp. 22-3210(e)(1). Thus, Romero's motion was untimely and can be reviewed only if he shows excusable neglect in failing to file his motion in a timely manner.

Although it appears there are no published cases defining excusable neglect as the term is used in K.S.A. 2015 Supp. 22-3210(e)(2), panels of this court have referred to the following definition of excusable neglect found in Black's Law Dictionary:

> "'[*E*]*xcusable neglect* . . . A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009).

"This definition is consistent with Kansas cases applying K.S.A. 60-206 and K.S.A. 60-260, both of which use the term excusable neglect. See *Tyler v. Cowen Construction, Inc.*, 216 Kan. 401, 406-07, 532 P.2d 1276 (1975); *Wilson v. Miller*, 198 Kan. 321, 322-23, 424 P.2d 271 (1967). Our Supreme Court has also defined '"[i]nexcusable neglect"' to be 'closely akin to "reckless indifference." It implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). Although these definitions are found in civil cases, our court has conversely examined criminal cases when defining 'manifest injustice' under K.S.A. 60-1507(f)(2), which is part of the civil code. *See Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007)." *State v. Phol*, No. 109,964, 2014 WL 2225354, *2-3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. __ (May 12, 2015).

Applying these authorities to the question presented here, we find Romero failed to make a showing of excusable neglect. Specifically, the evidentiary record on appeal contradicts Romero's claim that he was unaware of the immigration consequences of his plea until his probation was revoked in November 2013. When Romero entered his plea in 2011, he was informed in the acknowledgment of rights and entry of plea document that a felony conviction would "most likely" result in deportation. Romero admitted at the plea hearing that he had reviewed this document with counsel and understood it. In *State v. Lowe*, No. 103,678, 2012 WL 139264 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1133 (2013), the defendant reviewed and signed an acknowledgment of rights and entry of plea identical to the one signed by Romero in this case. At the plea hearing, the district court determined that Lowe had gone over the document with his lawyer and understood it. A panel of this court found that this satisfied the requirements of *Padilla* in that the language clearly identified deportation as a likely outcome and not merely an abstract possibility. 2012 WL 139264, at *4. Although Romero may not have learned that his deportation was imminent until his probation was revoked in November 2013, the evidentiary record here establishes he was made aware at the time he entered his guilty plea that his legal status in the United States was at risk and that there was a likelihood that he would be deported as a consequence of his plea. As such, Romero's

5

failure to timely file his motion to withdraw his plea cannot be blamed on an "unexpected or unavoidable hindrance or accident." See *Phol*, 2014 WL 2225354, at *2.

Romero did not meet his burden to show excusable neglect to allow the filing of his motion to withdraw his plea beyond the statutory 1-year time limitation. Accordingly, the district court correctly held that Romero's motion was procedurally barred by K.S.A. 2015 Supp. 22-3210(e)(1)(A).

Affirmed.