James F. FISCHER, Plaintiff-Appellant,

v.

DOVER STEAMSHIP CO., Inc., Defendant-Appellee.

No. 40, Docket 23126.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1954.

Decided Jan. 7, 1955.

Klein & Ruderman, New York City (Morris Hirschhorn and Betty Wein-

berg, New York City, of counsel), for plaintiff-appellant.

Kirlin, Campbell & Keating, New York City (Roland C. Radice, Brooklyn, N. Y., and Walter X. Connor, New York City, of counsel), for defendant-appellee.

Before FRANKFURTER, Circuit Justice, FRANK and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

The seaman's action was commenced by filing a complaint on October 17, 1952. The defendant served a notice to take the deposition of the plaintiff on February 2, 1953, and the notice was made returnable on February 19, 1953. By June 23, 1953, more than four and one-half months later, the plaintiff had not presented himself for his deposition. Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. defendant made a motion to dismiss and the trial court ruled that the motion would be granted unless the plaintiff appeared to give his deposition by September 8, 1953,—an additional 60 days. But plaintiff still failed to appear, and on September 23, 1953 the case was dismissed with prejudice under Rule 41(b).

Plaintiff now contends that the trial court should have dismissed the case without prejudice under 41(a) (2) of the Federal Rules of Civil Procedure. But Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him". This provision was plainly applicable.

Appellant sought to vacate the judgment entered against him under Rule 60(b) of the Federal Rules of Civil Procedure on the ground of excusable neglect,—this on the assertion that a staff member in the office of plaintiff's counsel failed to note the September 8 deadline in the office tickler. The trial court denied relief.

Motions brought under Rule 60(b) invoke the discretionary power of the trial court. In denying this motion, we see no abuse of the discretion thus granted. The neglect seems to arise more from the plaintiff's personal inaction than from any oversight in his counsel's office. For aught that appears, if the tickler entry had been made the plaintiff would still have failed to appear. The plaintiff is in this dilemma: if, having brought suit, he failed for seven months to keep in reasonably close touch with his lawyer, his personal neglect was not absolved by the negligence of his lawyer: if, on the other hand, he was in touch with his lawyer who failed to produce him for deposition within that period, the lawyer's neglect was inexcusable. Of course, reasonable allowance should be made for the wayfaring nature of the plaintiff's life. But in the absence of plausible and specific explanation, we think the court below is not shown to have been insensitive to that consideration.

Affirmed.