Mary STEVENS, Individually and as Executrix of the Last Will and Testament of Abraham L. Stoumen, Deceased

v.

Bernard STOUMEN.

Civ. A. No. 13609.

United States District Court
E. D. Pennsylvania.

March 8, 1963.

A. Martin Herring, of Miller, Pincus & Greenberg, Philadelphia, Pa., for plaintiff.

Morris Wolf, Wesley H. Caldwell, of Roper & Caldwell, Philadelphia, Pa., for defendant.

BODY, District Judge.

On January 2, 1943 an agreement of partnership was entered into between Abraham L. Stoumen, the plaintiff's decedent, and Bernard Stoumen, the defendant. This partnership continued until the death of Abraham L. Stoumen on May 7, 1946. Almost six years later, or on May 5, 1952, a complaint in equity was filed by the plaintiff for an accounting.

In the spring of 1956 the original counsel Henry Aaronson became ill and another attorney Robert H. Aaronson entered his appearance for the plaintiff on July 10, 1956.

On November 29, 1957, or approximately sixteen and one-half months later, the case was listed for trial and plaintiff was so informed. On December 2, 1957 plaintiff's second counsel decided to seek the assistance of a third lawyer. A judgment of dismissal was entered on December 3, 1957 when the case was called for trial.

A petition was filed by a fourth lawyer on September 19, 1962, or four years and eight months after the entry of the judgment, to vacate the judgment of dismissal alleging among other reasons that the second counsel advised the plaintiff that he was not equipped to handle the case and recommended another lawyer to try it. This third attorney advised plaintiff that it was impossible for him to adequately represent plaintiff on such short notice. He told plaintiff that he would seek a continuance in order to gain time to prepare and that plaintiff should return home and await further notice from him.

All of the above facts are plaintiff's facts and for purposes of the disposition of this matter, are taken as true. In addition, the record shows that the third attorney never entered his appearance for plaintiff, that his deposition was not taken as to any facts, and that he did not appear in court to defend any action or lack of action of which he now stands accused of failing to defend. Defendant moves the Court to dismiss plaintiff's petition.

Plaintiff urges that Rule 60(b) (6), F.R.Civ.P. controls the case. However, the facts alleged by plaintiff clearly show that excusable neglect is the only possible ground for relief. This

ground is covered expressly in Rule 60 (b) (1) and in the usual case relief sought more than one year after judgment is entered is untimely. The time limit clearly intended by the rules for relief based on excusable neglect cannot be avoided merely by calling excusable neglect "any other reason" in order to invoke Rule 60(b) (6) which has no specific time limitation.

Notwithstanding the rule stated above, excusable neglect may be treated as "any other reason" under 60(b) (6) in exceptional circumstances. (United States v. Karahalias, 205 F.2d 331 (2d Cir.1953).

However, here it is apparent that the neglect was inexcusable. If the neglect was that of plaintiff's attorneys or of any of them, it was clearly inexcusable for no attorney may be heard to say he did not prosecute an action and therefore he should be excused. Just as ridiculous is plaintiff's assertion here that her neglect is excusable because it was the neglect of one or more of her attorneys (Fischer v. Dover Steamship Co., Inc., 218 F.2d 682 (2d Cir., 1955). She alone is responsible for the inordinate delay between her last knowledge of the status of the case and the filing of this petition. Moreover, substantial inequities to defendant due to the delay may be presumed likely unless the case remains closed. Therefore, relief is unjustified even assuming no fixed time limitation applies.

AND NOW, March 8, 1963, IT IS ORDERED that in accordance with the foregoing Opinion the Defendant's Motion to Dismiss Plaintiff's Petition to Vacate Judgment of Dismissal be, and the same is hereby granted. Accordingly, IT IS FURTHER ORDERED that the relief requested in Plaintiff's Petition to Vacate Judgment of Dismissal be, and the same is hereby denied with prejudice.