Petition of Melton Paston CAMPBELL To Be Admitted a Citizen of the United States of America.

United States of America, Appellant, Melton Paston Campbell, Appellee.

No. 212, Docket 28477.

United States Court of Appeals Second Circuit.

Argued Dec. 11, 1963.

Decided Jan. 7, 1964.

Jerome C. Ditore, Asst. U. S. Atty., Brooklyn, N. Y., Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for the United States.

Edward L. Dubroff, Brooklyn, N. Y., for appellee.

Before CLARK,* SMITH and HAYS, Circuit Judges.

PER CURIAM:

The Government appeals from denial of its motion to reopen an order and judgment of naturalization. The ground of the motion was that appellee made a false statement of material fact at the time of filing his petition for naturalization.

 The Immigration and Nationality Act of 1952 provides two methods by which the Government may attack a judgment of naturalization that it believes was wrongfully obtained. Section 340(a), 8 U.S.C. § 1451(a) (1958), authorizes a plenary action to set aside a naturalization order "procured by concealment of a material fact or by wilful misrepresentation * * *" Under section 340(j), 8 U.S.C. § 1451(j) (1958) the summary procedure of Rule 60(b) may be invoked to reopen a naturalization judgment within one year after it was entered if the judgment was obtained through fraud, misrepresentation, or other misconduct of an adverse party.

In his opinion denying the government's motion to proceed under Rule 60(b), the district judge noted that the difference in the procedures under the two sections affected substantial rights of the petitioner:

"[If the motion under Rule 60(b) were granted], the parties would be placed in their relative positions just prior to the granting of the order or judgment of naturalization. The petitioner would be obliged to prove his qualifications for citizenship. [If the Government proceeded under section 340(a)], it would then become the Government's burden to prove the fraud it alleges here by a fair preponderance of the credible testimony. The Government would be required to sustain its burden by clear, unequivocal and convincing proof."

Because he believed that the value of American citizenship should not be debased by summary suspension, the district judge concluded that the Government should normally seek cancellation of citizenship in a plenary suit—at least in the absence of a showing of circumstances making summary relief necessary to protect particular Government rights.

Section 340(j) is a grant of power to the court to reopen its naturalization judgments and is stated in permissive terms. It is well settled that motions for relief under Rule 60(b) are addressed to the discretion of the court. Fischer v. Dover S. S. Co., 218 F.2d 682 (2d Cir. 1955); England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960). We think that although the matters discussed by Judge Mishler did not require denial of the motion, it was appropriate for the district judge to consider them in relation to the exercise of his discretion.

Affirmed.

---

* Judge CLARK heard oral argument and participated in the decision in this case, voting to affirm. He died before the opinion was written.