Robert J. **KOSLOWSKY, Plaintiff**

vs.

James J. **HEALEY, Defendant**

No. 81-1433-C

United States District Court
Commonwealth of Massachusetts

**May 24, 1982**

James. A. McDonald, Jr., esq., counsel for plaintiff.

Vincent A. Wenners, Jr., Esq., counsel for plaintiff.

Arthur E. Levine, Esq., counsel for defendant.

## MEMORANDUM

**Caffrey, Ch. J.** Plaintiff filed this civil action in June of 1981 to recover for personal injuries allegedly sustained as a result of defendant's negligent operation of an automobile. On May 3, 1982 this Court allowed defendant's unopposed motion to dismiss the complaint for plaintiff's failure to comply with this Court's discovery order. Accordingly, judgment was entered against plaintiff. Plaintiff's motion to vacate that judgment and extend time for discovery is now before the Court.

The case was called for assignment for trial on December 12, 1981 and scheduled for trial the week of March 15, 1982. On January 19, 1982 defendant noticed plaintiff's deposition for February 12, 1982. Plaintiff informed defendant that he would not be available that day and his deposition was rescheduled for February 25, 1982 by mutual agreement of the parties. Shortly before the rescheduled deposition, plaintiff again informed defendant that he would be unable to attend. Plaintiff's deposition was rescheduled and duly noticed for March 2, 1982. Plaintiff failed to appear.

On February 25, 1982 the parties were notifed by the Deputy Clerk of Court that the case would be called for trial at 10:00 a.m. March 15, 1982. On March 15, 1982, counsel for plaintiff failed to appear before this Court at the weekly Trial Call. At that time because of plaintiff's non-appearance, the Court rescheduled the matter for trial for the week of May 10, 1982, and ordered the defendant to take plaintiff's deposition before April 6, 1982. Counsel for defendant informed plaintiff's counsel of these proceedings by letter on March 15, 1982 and duly noticed plaintiff's deposition for April 5, 1982.

On April 5, 1982 counsel for defendant, counsel for plaintiff and a stenographer appeared at the designated place for plaintiff's deposition. Plaintiff did not appear. Plaintiff's counsel stated

for the record at the deposition that he had notified plaintiff of the scheduled deposition by letter of March 23, but that plaintiff was out-of-town, out of contact with his attorney, and apparently had not received notice of the deposition as of April 1. Plaintiff's counsel also stated that he would notify defendant's counsel of plaintiff's return and would make him available for deposition as soon as possible. Plaintiff did not make himself available for deposition during the next week, and on April 13, 1982 defendant moved to dismiss the complaint pursuant to Fed.R.Civ.P. 41(b) and 37(b)(2)(C). Within the next 10 days plaintiff did not oppose the defendant's motion pursuant to Local Rule 12(a)(2). On May 3, 1982 this Court allowed defendant's motion and dismissed the case.

Plaintiff's motion to vacate judgment, presumably pursuant to Fed.R.Civ.P. 60(b)(1), states as reason therefor, by counsel's affidavit, that plaintiff is a highly-paid travel executive whose time and travel are important to his employer, and that on each scheduled deposition date, plaintiff was out-of-town so that his appearance was impossible. Counsel further states that the time span during which plaintiff failed to appear for four noticed depositions was less than eight weeks. Plaintiff's counsel asserts that "defendant is an irresponsible person" whereas "plaintiff is a responsible businessman" and "will definitely make himself available in accordance with any further deposition notice in this case."

None of these reasons constitute excusable neglect under Fed.R.Civ.P. 60(b)(1), nor do they constitute any other grounds for relief from judgment.

Plaintiff was scheduled and rescheduled for four different deposition times in nearly eight weeks. This Court does not view that time period as unreasonably short nor the number of opportunities afforded by defendant for plaintiff to comply as unreasonably few. Similarly unpersuasive and irrelevant are plaintiff's **ad hominem** arguments with regard to the relative characters of defendant and plaintiff.

Plaintiff's apparant preference to accord travelling for his business a higher priority than prosecuting this case, or even keeping in touch with his attorney regarding the prosecution of this case, is not "excusable neglect," but rather represents the "responsible" plaintiff's informed choice and willful course of conduct. Rule 60(b) was not intended to protect the indifferent. See, e.g., **Fischer v. Dover S.S. Co., Inc.,** 218 F.2d 682 (2d Cir. 1955) (plaintiff's failure to keep in touch with his lawyer does not constitute excusable neglect). Plaintiff's belated realization of the consequences of his chosen course of action does not justify relief from judgment. Accordingly, plaintiff's motion to vacate judgment sould be denied.

Order Accordingly.

**Andrew A. Caffrey, Ch. J.**

## ORDER

**Caffrey, Ch. J.** In accordance with memorandum filed this date, it is ORDERED:

Plaintiff's motion to vacate judgment in the above-captioned case is hereby denied.

**Andrew A. Caffrey, C**