**In the Matter of the Petition of Juana Josefa DE LA CRUZ To be Admitted a Citizen of the United States of America.**

Petition No. 2270–888214.

United States District Court,
S.D. New York.

June 22, 1983.

Eleanor Jackson Piel, New York City, for petitioner.

Loida Nicolas-Lewis, Gen. Atty., New York City, for I.N.S.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

After completing the usual preliminaries—which included testifying under oath after a detailed examination as to her not having an arrest record—Juana Josefa de la Cruz ("petitioner") was admitted to United States citizenship in May of 1981. Shortly thereafter the Immigration and Naturalization Service ("INS") received a police information sheet which established that petitioner had, in fact, been arrested in July of 1980 in connection with a shoplifting incident. The arrest resulted in her spending the night in jail and in the imposition of a $250.00 fine. Armed with this information the INS moved, within the prescribed year following the entry of the May 1981 naturalization decree, to reopen it pursuant to Fed.R.Civ.P. 60(b). *See* 8 U.S.C. § 1451(j); 3 Gordon Immigration Law and Procedure § 16.10a (Rev.ed. 1983). The case is before us on the INS's motion to reopen and, in the event such motion was granted, on the government's opposition to petitioner's renewed application for citizenship.[1]

---

1. The case came before us in April 1983 while sitting in Part I, the "emergency" and miscella-

Although at oral argument we speculated as to the possibility of the petitioner having actually suppressed, under the pressure of examination, the memory of her disagreeable arrest experience, we cannot conclude that this actually happened. Such forgetfulness is rendered unlikely, not only by the detailed method of questioning employed by the INS examiner at the time the petition was executed, but also by the circumstance that the petitioner had previously denied the arrest when conferring with her personal advisor prior to her appearance before the immigration examiner.

■ It is established that a motion under Fed.R.Civ.P. 60(b) is generally addressed to the sound discretion of the court. *See* 7 Moore's Federal Practice ¶ 60.19 (2d ed. 1983) (citing cases). In an immigration case, in particular, it is clear that *Petition of Campbell* (2d Cir.1964) 326 F.2d 101, ·gives us the discretion to deny the INS's motion and, thus, require it to proceed by plenary (denaturalization) action to set aside the naturalization decree. *Id.* at 102. *See also* 8 U.S.C. § 1451(a); 3 Gordon Immigration Law and Procedure ch. 20 (Rev.ed. 1983). Although our finding that petitioner had, in fact, made an intentionally false statement does not, under the authority of *Campbell,* deprive us of authority to exercise our discretion in her favor, the subsequent history of that case suggests that it would not be wise for us to do so. Examination of the records in the District Court for the Eastern District of New York shows that, after the Court of Appeals had affirmed the District Court's denial of the

government's motion under Rule 60(b), the immigration authorities proceeded by plenary action and were successful in stripping the defendant of citizenship. Should such result ensue in this case, it would only create a risk of postponing the day when petitioner could again apply for citizenship.[2]

Accordingly, the government's 60(b) motion to reopen petitioner's naturalization decree is GRANTED; and petitioner is directed to surrender her Certificate of Naturalization No. 11004007 to the Clerk of the Court for cancellation.

■ Our ruling under Rule 60(b) returns the action precisely to the procedural posture in which we first met the case. *See* note 1, *supra.* That is, to the government's challenge to petitioner's restored application for citizenship. On the foregoing findings we are constrained to conclude that petitioner is not of "good moral character," as the term is defined by the applicable statute. *See* 8 U.S.C. § 1101(f)(6) ("no person shall be ... found to be ... of good moral character [if he] ... has given false testimony for the purpose of obtaining any benefits under [the immigration laws]"); *Berenyi v. District Director* (1967) 385 U.S. 630, 637, 87 S.Ct. 666, 671, 17 L.Ed.2d 656. It being petitioner's burden to establish her qualifications for citizenship, *Id.; Tieri v. INS* (2d Cir.1972) 457 F.2d 391, 393, including the requirement that she be of "good moral character," *see* 8 U.S.C. § 1427(a)(3) and (e), we must, accordingly, find that she has not met the statutory qualifications for citizenship. We observe in this connection that it is not the arrest itself that is at

neous motion part of the Court, to which part Judges are assigned on a rotating basis. *See* Local Rule (for Division of Business) 3. Part I also handles naturalization matters. *See Id.* 5(1). For reasons of judicial economy we retained jurisdiction as to subsequent proceedings in this case.

The action had taken a circuitous route before coming to the procedural posture in which we found it in April of 1983. The INS's Rule 60(b) motion had been granted by default in May of 1982 by another Judge sitting in Part I. The motion having thus been granted, it placed the naturalization proceeding in the posture it was *before* the petitioner had been admitted to citizenship. Accordingly, the matter first came

before us on the INS's opposition to petitioner's renewed application for citizenship. However, on a finding that the notification of the Rule 60(b) motion had been delivered to petitioner's address *after* the entry of default, we vacated such default for insufficient notice. We then appointed counsel and set the Rule 60(b) motion for oral argument on the merits.

2. On oral argument counsel for the INS assured us that, if petitioner committed no other transgression, she would be in a solid position again to apply for citizenship after a lapse of five years from the making of any false statement. *See* 8 U.S.C. § 1427(a) and (e).

issue, but her lack of candor when questioned about it. *See Kovacs v. United States* (2d Cir.1973) 476 F.2d 843, 845.

Petitioner's application for citizenship is DENIED.[3]

SO ORDERED.

---

**3.** We do not wish to end our opinion without thanking appointed counsel for extraordinary efforts performed on an emergency basis at a time inconvenient for her; and without thanking both counsel for an extraordinarily able and perceptive presentation of the issues.