**In the Matter of the Petition of Mercedita Nepomuceno TABILOS to be Admitted a Citizen of the United States of America.**

**No. 325 408 MISC.**

United States District Court,
N.D. California.

June 19, 1986.

Martin Resendez Guajardo, San Francisco, Cal., for petitioner.

Ronald E. LeFevre, Dist. Counsel, Mary J. Tripp, Gen. Atty., I.N.S., San Francisco, Cal., for respondent.

## ORDER

LEGGE, District Judge.

### I.

This matter came before the court on December 6, 1985 on (1) the Immigration and Naturalization Service's ("INS") motion to reopen the judgment of naturalization, pursuant to section 340(j) of the Immigration and Nationality Act of 1952, ("the Act"), 8 U.S.C. section 1451(j), and Federal Rule of Civil Procedure 60(b); and (2) Petitioner Mercedita Nepomuceno Tabilos' motion to dismiss the INS's motion.

After hearing oral argument by petitioner and the INS, the court indicated its intention to deny petitioner's motion to dismiss and grant the INS's motion to reopen the case under section 340(j). A minute order was filed on December 9, 1985, and petitioner filed a notice of appeal. Thereafter, on February 5, 1986, this court vacated the minute order at the request of the parties in order to give further consideration to the issues raised by these motions.

### II.

Petitioner Tabilos became a United States citizen by a judgment of naturalization on October 11, 1984. On October 10, 1985, the District Director of the INS moved, under section 340(j) of the Act and Fed.R.Civ.P. 60(b) to have petitioner's natu-ralization judgment reopened and held in abeyance pending further investigation of the merits of petitioner's application for naturalization. The INS alleges that newly discovered evidence indicates that petitioner may have concealed information requested of her prior to the entry of the judgment of naturalization.

Petitioner Tabilos filed a motion to dismiss the INS motion contending that the proper procedure for attacking her judgment of naturalization is section 340(a) of the Act, and not section 340(j). The issue raised by these motions is therefore whether the court should grant the INS leave to reopen the judgment of naturalization under summary procedures set forth in section 340(j) and Rule 60(b), or whether the government must proceed under section 340(a). The difference is important for the reasons stated below.

### III.

Section 340 of the Act establishes the guidelines and procedures for the revocation of naturalization. It defines two separate procedures under which the INS may attack a judgment of naturalization which was allegedly wrongfully obtained. *In re Petition of Campbell*, 326 F.2d 101, 102 (2d Cir.1964). First, the INS may proceed by way of a summary procedure under section 340(j) of the Act to reopen the judgment, invoking Fed.R.Civ.P. 60(b), which has a one year bar. *See, e.g., In re Petition of De Roma*, 603 F.Supp 127, 130–32 (D.N.J.1985). Second, the Act also provides for a plenary action under section 340(a) to set aside the judgment. This procedure is not subject to the one year bar.

■ The burdens of proof are different, and the differences affect the substantial rights of petitioner. *Id.* Under the summary procedure of section 340(j), petitioner must prove her eligibility and good moral character, with any doubts to be resolved against her. *See, e.g. In re Petition of Cardines*, 366 F.Supp. 700, 703 (D.Guam 1973). If the court were to grant the INS the relief it seeks, petitioner would be re-

stored to "pending" status until further determination on the merits of her qualifications can be made. Under the plenary procedure of section 340(a), the INS has the burden of proving ineligibility by clear, unequivocal and convincing evidence. *Costello v. United States,* 365 U.S. 265, 269, 81 S.Ct. 534, 536–37, 5 L.Ed.2d 551 (1961). *Citing Schneiderman v. United States,* 320 U.S. 118, 125, 63 S.Ct. 1333, 1336–37, 87 L.Ed. 1796 (1943). Thus, it makes a substantive difference to the parties which procedure is followed.

The courts which have addressed the issue are divided as to whether subsection (a) or subsection (j) of section 340 should be applied where denaturalization is sought on the grounds of fraud or illegal procurement of citizenship. Some courts have relied on subsection (j). *See, e.g., In re Petition of Cardines,* 366 F.Supp. 700 (D.Guam 1973); *In re Petition of Bartkiw,* 199 F.Supp. 762 (E.D.Pa.1961); *In re Petition of Bortle,* 244 F.Supp. 319 (D.D.C.1965). Other courts have applied subsection (a). *See, e.g., In re Zabala,* 573 F.Supp 665 (E.D.N.Y.1983); *In re Petition of Campbell,* 326 F.2d 101 (2d Cir.1964); *In re Petition of Arevalo,* 352 F.Supp. 215 (D.Hawaii 1972). There is no clear authority by the Ninth Circuit indicating which subsection should be applied.

However, while courts have arrived at what appear to be inconsistent results on this issue, it is not necessary for this court to resolve that legal dispute here. The court finds, for the reasons stated below, that the INS has not made a sufficient showing to satisfy the requirements of 340(j) and Rule 60(b).

### IV.

Section 340(j) is a "grant of power to the court to reopen its naturalization judgments, and is stated in permissive terms." *England v. Doyle,* 281 F.2d 304, 309 (9th Cir.1960). It is also well-settled that motions for relief under Rule 60(b) are addressed to the discretion of the court. *Id.*

In *In re Petition of Cardines,* 366 F.Supp. 700 (D.Guam 1973), the court noted that when moving under 340(j) and Rule 60(b) on the ground of newly discovered evidence, the INS must show: (1) that the alleged newly discovered evidence was discovered since the "trial"; (2) facts from which the court may infer reasonable diligence on the part of the INS; (3) that the evidence is not merely cumulative or impeaching; and (4) that the evidence is of such a character that on a new trial, it will probably produce a different result. *Id.* at 707. In *Cardines,* the court ruled that where the INS submitted a declaration stating that it had discovered, after entry of the judgment of citizenship, that petitioner withheld from the naturalization examiner the fact that he had married his second wife without legally terminating his prior marriage, there was good cause to invoke the summary procedures for reopening the judgment pursuant to section 340(j). In reaching this determination, the court in *Cardines* also ruled that petitioner had knowingly and wilfully concealed this information from the immigration examiner, and that the INS' knowledge of these facts would have precluded his naturalization. Additionally, the court was satisfied that the INS could not have discovered this information through the exercise of due diligence in time to move for denial of the petition. *Id.* at 702.

Here, the government moves to reopen the judgment of naturalization on the ground that petitioner "willfully concealed the fact of her first marriage to one Leandro Andaya in Malasiqui, Pangasinan, Philippines." The INS states that the "only marriages revealed by the petitioner at the time of her naturalization application hearing were actually her second marriage ... and her third marriage ... ."

While the application form before the court does disclose the name of petitioner's first husband and father of her two children, Leandro Andaya, that name is not entered in the appropriate space on the application. Inspection of the application reveals that the name "Leandro Andaya" was inserted as a correction and was placed in the wrong space. It was inserted under

question 35, which asks the names of petitioner's children, rather than under question 34, which requests the names of prior spouses.

In addition, the form bears numerous markings and corrections of unknown origin. Extensive handwritten markings appear on all four pages of the application, and it is impossible to determine whether these were made by petitioner or by an INS examiner. Further, the court cannot determine from the face of the application when the name "Leandro Andaya" was added under question 35.

■ The ambiguity appearing on the application raises the question of whether the misstatement concerning Leandro Andaya might have been the result of a clerical error. Even if not clerical error, the ambiguity was apparent on the face of the application at the time of petitioner's initial interview by the INS on July 16, 1984. One of the purposes of that interview, prior to the entry of a certificate of naturalization, is to obtain information necessary for the processing of petitioner's application. The examiner was authorized, under section 335 of the Act, to conduct a complete investigation to determine petitioner's eligibility. Thus, the ambiguity appearing on the face of the application should have given rise to further questions regarding petitioner's background at the time of the interview.

Despite the ambiguity, the INS did not initiate further investigation of petitioner's background until March 6, 1985, after her naturalization. In its moving papers, the INS states that the newly discovered evidence came to its attention through a telecommunication from the U.S. Embassy in Manila questioning the visa petition by petitioner on behalf of her two children. Although the INS argues that this evidence could not otherwise have been discovered through the exercise of due diligence, the court finds that the patent ambiguity on the original application was reason for the INS to obtain further clarification of petitioner's marital status at that time. Therefore, the purported newly discovered evidence might have been discovered through the exercise of due diligence at the time of the initial interview and application process, and the INS has not satisfied the requirements set forth in Rule 60(b).

■ Courts have held that "naturalization decrees are not lightly to be set aside." *In re Petition of Arevalo*, 352 F.Supp at 217, *citing Chaunt v. United States*, 364 U.S. 350, 353, 81 S.Ct. 147, 149–50, 5 L.Ed.2d 120 (1960). In exercising its discretion, the court has also considered the effect on petitioner of opening this case on a summary basis. Under the summary procedure petitioner would be deprived automatically of her American citizenship and placed in the same position as before the granting of her citizenship decree. And as stated, the burden would shift to her to prove her qualifications for citizenship. *In re Petition of Arevalo*, 352 F.Supp at 217. Such a summary procedure is not an appropriate vehicle for denaturalization when INS has not made a sufficient showing that the requirements of Rule 60(b) have been met. *Id.*

■ While it is clear that the INS is under an obligation to ensure that the benefits of naturalization are reserved only for those who are truly deserving, the statutory procedures for enforcing these duties must be followed. As the court in *Costello v. United States*, 365 U.S. at 269, 81 S.Ct. at 536, stated, "American citizenship is a precious right", and the government must carry its burden in a proceeding to divest a naturalized citizen his or her citizenship. *Id.* Once citizenship has been granted, a naturalized American may not be deprived of her status without the due process provided by sections 340(a) or 340(j).

Here, the court finds that the INS has not made the showing necessary to invoke the summary procedures authorized by section 340(j) and Rule 60(b). Moreover, the plenary procedures of section 340(a) will provide important safeguards in making a fair determination.

Therefore, it is ordered that the INS' motion to reopen the judgment of naturalization is denied and dismissed. The dismis-

sal is without prejudice to the INS initiating an action pursuant to section 340(a) of the Immigration and Nationality Act, 8 U.S.C. section 1451(a).