No. 46,935

PEARL DAWSON, an Incompetent Person, by and Through Her Duly Appointed Guardian, G. WAIDE SIBLEY, *Appellee,* v. BURT DAWSON, MADGE FANCHER and FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF COFFEYVILLE, KANSAS, a Corporation, *Appellants.*

(512 P. 2d 522)

Opinion filed July 14, 1973.

*Roy Kirby,* of Hall, Kirby and Levy, of Coffeyville, argued the cause, and *Clement H. Hall* and *Joe L. Levy,* of the same firm, were with him on the brief for the appellants.

*Richard L. Becker,* of Becker, Hildreth and Lively, of Coffeyville, argued the cause, and *Morris D. Hildreth* and *Jack L. Lively,* of the same firm, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from the judgment of the trial court determining ownership of a joint tenancy account in the First Federal Saving and Loan Association of Coffeyville, Kansas (defendant-appellant).

Pearl Dawson (plaintiff-appellee) is an incompetent and this action was instituted by her duly appointed legal guardian. Pearl Dawson was married to Ralph Dawson from 1929 until his death on June 3, 1971. Ralph and Pearl were residents of the State of Oklahoma when on May 2, 1966, they deposited funds in the amount of $8,000.00 in the First Federal Savings and Loan Association of Coffeyville, Kansas, in a joint tenancy savings account. On January 18, 1968, they deposited funds in the amount of $1,000.00 in a second joint tenancy savings account also with the First Federal Savings and Loan Association of Coffeyville, Kansas. Signature

cards were signed by Ralph and Pearl in each instance on First Federal's regular form, providing as follows:

"Dawson, Ralph or Dawson, Pearl

"As joint tenants with right of survivorship and not as tenants in common hereby apply for a membership and for a savings account in the First Federal Savings and Loan Association of Coffeyville and for the issuance of evidence of membership in the joint names of the undersigned as joint tenants with right of survivorship and not as tenants in common. The signatures of the undersigned are shown below and the Association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature; it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to the membership and any savings account in said Association held by the undersigned, whether the other person or persons named be living or not. The withdrawal of redemption value of any such savings account or other rights relating thereto may be paid or delivered in whole or in part to any one of the members, who shall first act and such payment or delivery or a receipt or acquittance signed by any one of the members shall be valid and sufficient release and discharge of said Association. You are authorized to accept checks and other instruments for credit to this account whether payable to one or more of the parties and to supply any needed endorsement. You are relieved of any liability in connection with collection of all items handled by you according to customary banking practice, and shall not be liable for acts of banks serving as agents, subagents or for any casualty. Such funds are not withdrawable until collected.

"/s/ RALPH DAWSON        /s/ MRS. PEARL DAWSON"

Pearl was mentally incompetent in 1969 and 1970 and, at the time of this appeal, was confined in Oklahoma State Hospital at Vinita, Oklahoma.

On March 1, 1970, Pearl's husband, Ralph, on his signature alone, transferred the funds from the two savings accounts previously mentioned into a single certificate of deposit with First Federal in his name and that of Burt Dawson as joint tenants with right of survivorship, using a signature card identical to the above. Burt Dawson and Madge Fancher (defendants-appellants) are, respectively the father and sister of Ralph Dawson.

On June 7, 1971, only four days after Ralph's death, a new certificate was issued by First Federal, upon Burt's direction, transferring the above mentioned funds into a savings account in the names of Burt and Madge as joint tenants with right of survivorship and a new signature card and contract was executed.

Pearl alleged in her petition that funds jointly invested by herself and Ralph in the savings certificates with First Federal in the total sum of $9,000.00 were earned and acquired by their joint industry, and that the funds were transferred from the certificates

in which she was a joint tenant without her knowledge or consent and *with the intent on the part of Ralph and the defendants Burt and Madge to defraud her of her rights in said certificates.* She further alleged the contract with First Federal governs the case and that the *right of survivorship set out in the contract* entitles her to the entire sum originally deposited in both savings accounts.

First Federal answered that it changed no account or certificate to any person, including Burt and Madge, except upon the duly authorized signature of an owner or joint tenant owner, and to its answer it attached copies of the various certificates.

Burt and Madge specifically denied allegations of fact not admitted, thus denying the charge of fraud. They admitted the funds represented by the original certificates were presently held by them as represented by certificate issued to them as joint tenants with right of survivorship in which, they alleged, Pearl has no lawful interest.

Upon request for admissions submitted by Pearl to the defendants, the foregoing transactions relative to the transfer of funds evidenced by the issuance of certificates by First Federal, were admitted by the defendants, but it was denied that Pearl contributed to the joint accounts originally established in First Federal, Burt and Madge asserting that the funds were accumulated by the efforts of Ralph and Burt, Ralph's father.

On this state of the record Pearl moved for summary judgment on December 21, 1971, relying on the contracts creating the joint tenancy accounts, and contending that when the original certificates establishing the joint accounts were cancelled, she was mentally incompetent and "did not and could not consent to the cancellations of said certificates."

On January 3, 1972, Burt and Madge moved for summary judgment relying on the contracts creating the joint tenancy accounts, contending "the certificates are clear and unambiguous and under the decisions of this State parole evidence at variance with the clear language of the certificates and said contracts is inadmissible to vary the ownership of said certificates, and Ralph Dawson had full authority to transfer said certificates on March 1, 1970."

The trial court determined the case on motion for summary judgment stating the position of the respective parties to be:

"Plaintiff wife contends the contract with First Federal governs, survivorship by Pearl entitles her to the entire amount deposited in both accounts. She has filed a motion for summary judgment declaring the property to be hers.

"Defendant contends that the contract does indeed govern and that its language 'shall have power to act in all matters' gave the husband Ralph power to withdraw all or any part of the accounts. He relies upon *Bowen v. Hathaway,* 202 Kan. 107, as holding that 'the surviving joint tenant of a previously terminated joint tenancy account has no rights against the funds.' He has filed motion for summary judgment declaring the funds to be the property of Burt Dawson and that plaintiff wife has no interest therein."

The question the trial court determined, and also the question the parties would like this court to determine on appeal, was stated by the trial court as follows:

"Question

"The question presented is whether a joint tenant of a Certificate of Deposit in a Federal Savings and Loan association, during the lifetime of both joint tenants, can draw down the entire sum represented by the certificate, thus terminating the joint tenancy and terminating any interest his joint tenant may have in the funds?"

Without reviewing the lengthy memorandum opinion of the trial court, it may be said the trial court failed to answer the abstract question above stated. The trial court began its memorandum by saying the title and interest of the parties to a two party bank account depends upon the realities of ownership of the funds on deposit. It concluded by sustaining Pearl's motion for summary judgment on the theory that a constructive trust was created, saying:

"Neither Burt Dawson nor Madge Fancher being a bona fide purchaser for value a constructive trust is declared by the Court to exist and they hold the money derived from the original joint tenancy accounts between Ralph Dawson and Pearl Dawson in trust for the surviving Pearl Dawson. (See Grubb, Adm. vs. Grubb 208 Kan. 484)."

The appellants have duly perfected their appeal alleging various errors on the part of the trial court. We cannot approve the decision of the trial court. In our opinion the determination of this case on the record here presented on motion for summary judgment is premature.

The pleadings in Pearl's petition were sufficient to allege fraud. The allegations of fact concerning fraud were denied in the answer. This gave rise to an issue of fact which has not been resolved.

Generally under K. S. A. 60-256 (*c*), before a motion for summary judgment may be granted the record before the trial court must show conclusively that there remains no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. (*Boring v. Haynes,* 209 Kan. 413, 496 P. 2d 1385.)

For a discussion on Kansas law regarding fraud, both actual and

constructive, reference is made to *Loucks v. McCormick*, 198 Kan. 351, 424 P. 2d 555.

The issues framed by the pleadings, giving due consideration to the limited admissions made by the defendants, suggest the situation here presented may be similar to that in *Grubb, Administrator v. Grubb*, 208 Kan. 484, 493 P. 2d 189, depending upon what the evidence may eventually establish the facts to be.

The judgment of the lower court is reversed with directions for further proceedings consistent with the views expressed herein.