AUTOMATIC FEEDER COMPANY, *Appellee*, v. RUSSELL J. TOBEY, *Appellant.*

No. 48,084

UNIPUNCH PRODUCTS, INC., *Appellee*, v. RUSSELL J. TOBEY, *Appellant.*

(558 P. 2d 101)

Opinion filed December 11, 1976.

*Charles F. Forsyth,* of Fleming and Forsyth, of Erie, argued the cause and was on the brief for the appellant.

*Roger L. Gossard,* of Becker, Hildreth, Eastman and Gossard, of Coffeyville, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from orders denying a defendant's successive motions to set aside a default judgment against him in each of two cases consolidated herein.

The record on appeal in each case is identical in every respect to that in the other except as to the name of the plaintiff and the amount of the judgment, and everything said herein is applicable to each case.

Plaintiffs Automatic Feeder Company and Unipunch Products, Inc., filed their petitions on July 3, 1974. These petitions alleged in substance that defendants Russell J. Tobey and two other individual defendants were sole stockholders, principal officers and operators of York Manufacturing Company, Inc., and in control of its management and business affairs; that defendants began and continued business operations of the corporation without adequate capitalization; they operated the corporation until it was insolvent and could no longer meet its obligations; York Manufacturing Company, Inc., was in fact the alter ego of Tobey and the two other defendants and Valley Industries, Inc., and was used by them as a vehicle to carry out the personal business ventures of the defendants and Valley Industries, Inc.; the debts and obligations contracted by York Manufacturing Company, Inc., were in keeping with a well designed plan and scheme on the part of defendant Tobey and the two individuals to cheat and defraud the creditors of the York corporation and particularly the plaintiffs; that on May 16, 1973, judgment was entered in the district court of Montgomery county, Kansas, in favor of plaintiff Unipunch and against York Manufacturing Company, Inc., for $6,004.79 and on July 13, 1973, judgment was entered in the same court for plaintiff Automatic Feeder and against York Manufacturing Company, Inc., for $10,685.60. Recovery was sought in the same amount as for the judgments, with interest and costs. On July 3, 1974, summons for personal service outside the state of Kansas upon defendant Russell J. Tobey was directed to the sheriff of St. Louis County, Missouri. The summons was duly returned and filed in the trial court on July 18, 1974. The Missouri sheriff's return showed personal service on Russell J. Tobey on July 12, 1974.

No answer or other appearance in the actions was made by Tobey within thirty days of service of the summons as required by K. S. A. 1975 Supp. 60-308 (a) (3), and as a result plaintiffs on August 14, 1974, orally moved for and obtained default judg-

ments against him. In the Automatic Feeder case the judgment was for $10,685.60 and that in the Unipunch action was for $6,004.79. No stenographic record was made of the hearing and apparently no evidence was offered. The trial court made no findings of fact upon the merits of the cases and the journal entries merely recited the examination of the files, service of summons upon Tobey, his default of appearance and the entry and amount of judgment in each case.

Thereafter and on August 19, 1974, defendant Tobey filed a motion to set aside the default judgment for the reason he was not served with summons until after July 19, 1974, and therefore the default judgment was taken prior to the expiration of the thirty day period he had in which to answer. His motion further stated he had employed the services of present counsel who would be hospitalized the week of August 19, 1974, and it requested an automatic ten day extension of his answer time, which he said should be from August 19, 1974. The motion also stated supporting affidavits concerning service upon defendant Tobey would be furnished at the time of the hearing of the motion.

This motion was not heard until March 12, 1975, having been continued by the trial court from time to time until that date. By letter opinion dated April 21, 1975, and journalized May 16, 1975, the court denied the motion, citing authority that after judgment a sheriff's return may not be impeached by oral testimony as to matters therein recited which were clearly within the sheriff's personal knowledge and further that a default judgment may not be opened absent a showing that the defaulting party has a meritorious defense and the default was not the result of inexcusable neglect or wilful act. The record on appeal contains an affidavit by defendant Tobey, filing date not shown but presumably exhibited to the trial court, in which he stated: "My wife told me that a gentleman was by on July 12th regarding some lawsuits. There were no papers left with my wife at that time. Over a week later, this gentleman came to my home and left papers with me, which was a summons and a copy of the petition in this case."

On May 28, 1975, defendant filed his notice of appeal from the May 16, 1975, judgment. On July 29, 1975, he filed a second motion to set aside the default judgments against him, this time purportedly under K. S. A. 60-260 (b) (4) and (6) on the grounds the petitions stated insufficient facts to constitute fraud, no evi-

dence was introduced, no record was made of the hearing and the court made no findings of fact upon which a judgment for fraud could be based. On September 3, 1975, this motion was similarly denied for the reason no meritorious defense had ever been set up or excusable neglect shown despite the passage of time. Defendant duly appealed from this ruling.

K. S. A. 1975 Supp. 60-308 (a) (3) provides that a default judgment rendered on personal service outside the state may be set aside only on a showing which would be timely and sufficient to set aside a default judgment rendered on personal service within this state. Appellant now concedes in his brief that without producing the St. Louis county sheriff and thereby impeaching his written return, that return showing personal service may be deemed sufficient and appellant's affidavit as to service can be ignored. He now relies for relief on certain sections of K. S. A. 60-260 (b) which provide:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ."

First of all it should be kept in mind that an appeal from an order denying a motion for relief from a judgment under K. S. A. 60-260 (b) generally presents for appellate review only the order of denial and not the judgment (*Lee v. Brown*, 210 Kan. 168, 499 P. 2d 1076) and further that ordinarily a motion to set aside a default judgment may be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The trial court has some discretion in the matter (*Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 523 P. 2d 351).

Here there has never been any showing that appellant had a meritorious defense to the actions; hence that omission precludes relief under 60-260 (b) (6), the catchall section. However, that is not the end of the matter because appellant contends the judgments are void and should be set aside under 60-260 (b) (4). In this situation the rules are somewhat different from those stated above in *Montez* and *Lee* where the court was dealing with other subsections of 260 (b). Where a judgment is attacked under subsection (4) as being void there is no requirement that the moving party show that he has a meritorious defense (Wright & Miller,

Federal Practice and Procedure: Civil § 2862, p. 197). A void judgment is a legal nullity. But, of course, a judgment is not void merely because it is erroneous or because some irregularity inhered in its rendition. It is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process (*id.* at pp. 198-200).

Appellant's assertion the judgments are void rests on these grounds: The petitions insufficiently pleaded fraud; the court made no stenographic record of the hearing at which the judgments were obtained; no evidence was adduced at that hearing and the court made no findings of fact which would sustain a judgment based on fraud. None of these contentions has merit.

The petitions sufficiently pleaded the ultimate facts constituting the claim for relief (see *Dawson v. Dawson,* 212 Kan. 711, 512 P. 2d 522). We have no requirement, statutory or otherwise, that a court reporter be present and record the proceedings at which a default judgment is obtained. Nor did the failure of the court to hear evidence render the judgment void. K. S. A. 1975 Supp. 60-255 (*a*) provides:

"*Entry.* Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state. . . ." (Emphasis supplied.)

K. S. A. 60-208 (*d*) provides:

"*Effect of failure to deny.* Averments in a pleading to which a responsive pleading is required or permitted, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. . . ."

The effect of the foregoing for present purposes is that if a defendant over whom jurisdiction has been obtained makes no appearance nothing is put in issue save possibly the facts needed to give the court jurisdiction over the subject matter and the amount of damages. The court here made sufficient jurisdictional findings. The damages sought were liquidated and the trial court could take judicial notice of the exact amount since the judgments fixing the amount were obtained in the same court. Hence there was no need for evidence to be taken at the hearing. Finally, since

nothing was at issue the trial court was not obligated to make findings of fact as is the case in contested matters as prescribed by K. S. A. 1975 Supp. 60-252a and Rule 116 of this court. In rendering the default judgments the trial court did everything required of it. The actions were regularly filed. Appellant was served with summons and copies of the petitions. The court had jurisdiction of the parties and the subject matter of the actions. Nothing irregular occurred in the entries of the default judgments and they are not void.

The judgments appealed from are affirmed.

APPROVED BY THE COURT.