NOT DESIGNATED FOR PUBLICATION

No. 122,317

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IBRAHEEM R. ALI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed March 26, 2021.
Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Ibraheem R. Ali appeals the sentencing court's denial of his motion for relief from judgment. Ali seeks the return of the Board of Indigents' Defense Services (BIDS) attorney fees. Because we conclude that the sentencing court which sentenced Ali did not appropriately assess attorney fees under K.S.A. 1998 Supp. 22-4513, we reverse and remand for further proceedings not inconsistent with this opinion.

A jury convicted Ali of two counts of aggravated robbery and one count of kidnapping in Douglas County case No. 1998CR332. In July 1998, the court sentenced

1

Ali to 194 months in prison, followed by 36 months of postrelease supervision. The sentencing court also ordered Ali to pay court costs of $134.50, restitution of $240, and attorney fees "as determined by the Court." The sentencing court did not specify the amount of attorney fees anywhere in the journal entry of judgment. The record does not contain any other judgment of the court which specifies an amount of attorney fees.

Ali appealed his convictions, which were affirmed. *State v. Ali*, No 81,997, unpublished opinion filed June 30, 2000 (Kan. App.). Over the years, Ali has made numerous unsuccessful arguments to the trial court and unsuccessful appeals to this court.

In July 2018, Ali argued for the first time in a "Motion for Void Judgment" that he should be reimbursed for the attorney fees that he had paid. He argued that the sentencing court deprived him of due process when it imposed those fees without holding a hearing, considering his financial situation, or allowing him an opportunity to contest the fees. In denying Ali's motion, the sentencing court reasoned: (1) that the order was lawful when it was made, (2) that Ali was present at sentencing and could have protested the assessment of attorney fees, and (3) that Ali did not move for relief within a reasonable time.

Ali timely appeals.

*Did the Sentencing Court Err in Denying Ali's Motion?*

In 1998, a court sentenced Ali to 194 months in prison and to pay attorney fees. Ali argues that the sentencing court's failure to make appropriate findings under K.S.A. 1998 Supp. 22-4513 was fatal to the alleged attorney fee judgment because it denied Ali due process. We agree.

A party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). See also *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails.").

Ali argues that the sentencing court did not enter a valid judgment for attorney fees applicable under K.S.A. 1998 Supp. 22-4513. This statute requires defendants who are convicted to reimburse BIDS for attorney fees. K.S.A. 1998 Supp. 22-4513(b) states the following:

> "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."

Ali argues that no valid judgment for attorney fees exists in his record. Alternatively, Ali argues that if such judgment exists, the judgment would be void because the sentencing court did not follow the requirements of K.S.A. 1998 Supp. 22-4513(b).

The State argues that the sentencing court's judgment for attorney fees, presumably issued in 1998, is not included in the current record. Significant portions of the physical record seem to have been transferred to the United States District Court for

Kansas. Ali concedes that these portions of the physical record were never returned from that court. Further, the physical paper record now exists in electronic form. The record is not clear on how and when this transformation occurred. The State contends that Ali asks this court to draw conclusions from a silent and potentially incomplete record.

If the record were silent, then Ali could not meet his burden to designate error. But Ali does more than just note that a judgment for attorney fees is absent from the record. For example, Ali points to evidence in the record that the court made no such judgment. The sentencing court here did not include findings of fact in its order. But this court has the same access to the record as the sentencing court and can assess whether Ali meets his burden to designate facts in the record to support his claim of error. See *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018) (reviewing record in context of motion to withdraw plea); *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018) (reviewing record in context of motion to correct illegal sentence).

Ali's citations to the record establish that the sentencing court did not follow the procedure required by K.S.A. 1998 Supp. 22-4513(b). First, Ali points to the journal entry of judgment which does not establish an amount for attorney fees. On this point, the State incorrectly argues that Ali failed to furnish a record which shows error because Ali did not provide a transcript of sentencing. The State contends that the trial court may have stated an amount of attorney fees on the record, but the sentencing court "simply failed to mark it down in the journal entry."

Ali quickly rebuts the State's contention. He notes that even if the court had stated a sum certain on the record, a valid judgment still would not exist. Judgments for BIDS fees shall be enforced as judgments for payment of money in civil cases. K.S.A. 22-4513(a). A civil money judgment must be reduced to writing, signed by a judge, and filed with the clerk. K.S.A. 2020 Supp. 60-258(a). "[T]he sentencing court shall consider the defendant's financial circumstances in *setting the amount and payment method* of [BIDS

4

attorney] fees." (Emphasis added.) *State v. Drayton*, 285 Kan. 689, 715, 175 P.3d 861 (2008). In *Drayton*, the sentencing court ordered the defendant to reimburse BIDS for $7,110 in attorney fees. But the sentencing court acknowledged that the defendant's financial condition did not make it likely that he would pay or would have the ability to pay the BIDS fees. Our Supreme Court held that the sentencing court erred by not changing the amount to reflect the defendant's inability to pay that amount. 285 Kan. at 715-18. Thus, the amount of attorney fees assessed against a criminal defendant must be specific, reduced to writing, signed by a judge, and filed with the clerk. The journal entry here ordering Ali to pay attorney fees is not enough by itself because it does not specify a sum certain. There would need to be another judgment which precisely states the amount of attorney fees. The record shows that no such judgment was ever made.

As the State correctly points out, the mere absence of a judgment for attorney fees does not show much, particularly given the state of the record. Instead, two possibilities exist. Either a judgment for attorney fees existed and is lost, or no judgment for attorney fees ever existed. Ali has sufficiently designated portions of the record that show no valid judgment ever existed.

First, Ali points out that the record makes it difficult to determine how attorney fees were entered and by whom. The journal entry orders Ali to pay three amounts: restitution of $240, court costs of $134.50, and "Attorney Fees as determined by the Court." The record shows that Ali has paid $2,460.79. An entry in "Case Information" lists "Attorney Fee State Reimbursement" as $2,270. But no journal entry supports the clerk's office entering the amount of $2,270.

Interestingly, the "Case Information" does not state that it was made according to a judgment of the sentencing court. First, an assessment is entered for $3,385. This entry matches the attorney voucher paid by BIDS—an action filed with the District Court of Douglas County on October 13, 1998. But then an adjustment of $1,115 is made to this

5

total of $3,385. In an evident mistake, $1,115 is then subtracted as a "Data entry error." Thus, the original figure of $3,385 is reduced by $1,115 down to $2,270 "per BIDS fee schedule," but not "per court judgment." The record is not clear on whether the sentencing judge adjusted the amount "per BIDS fee schedule" or someone else made the adjustment. By contrast, the same page is specific on why the collection fee of $1,190.84 is waived. A reduction of $1,190.84 is made "per [Judge] John Buckley's email dated 3/31/06." In short, the entries here are specific, yet fail to mention a judgment for attorney fees.

Ali also explains that the nunc pro tunc judgment which adjusted his jail credit contains a clue that the sentencing court never created a judgment for attorney fees. In the section of this nunc pro tunc journal entry labeled "Restitution to be paid as follows," the court entered "See original order." But the entry for BIDS attorney fees states: "TBD." The court entering the nunc pro tunc judgment can point back to an earlier judgment to determine restitution, but not for attorney fees.

The record is simply inconsistent with the existence of a journal entry of judgment for attorney fees. No amount is listed on the original judgment or the nunc pro tunc judgment. The original journal entry was dated July 29, 1998, but Ali's attorney submitted a voucher for attorney fees on September 1, 1998. The record does not state if Ali's attorney calculated fees before sentencing, or over a month later, when submitting the voucher to BIDS. If Ali's attorney calculated attorney fees before or at sentencing, then the July 29, 1998 journal entry of sentencing should reflect that amount. But it does not. A judgment for attorney fees should appear between July and October 1998. But the best indicator of what did and did not exist was the list of case filings.

The case filings run from the complaint, filed on March 13, 1998, to this court's mandate on October 2, 2000. The case filings are detailed, including every subpoena issued, every subpoena returned with service and without service, all motions, responses,

6

and orders. The sentencing journal entry, which orders attorney fees but does not specify an amount, is listed on July 29, 1998. The "Attorney Voucher to State" comes more than a month later on September 1, 1998. Then, "Attorney Voucher Pd by BIDS, 3385.00" occurs on October 13, 1998. A "Trustee Referral" is listed on April 26, 2000. Conspicuously absent is any judgment from the court ordering attorney fees in a specified amount. Every filing is comprehensively listed on these six pages, but a judgment for attorney fees is not mentioned on the list. The record does more than show an absence of the judgment for attorney fees. The record positively states that the court assessed attorney fees without making special findings, as Ali maintains.

Both Ali and the State argue the application of *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006). In 2006, our Supreme Court held that a sentencing court must make financial hardship findings on the record when ordering attorney fees under K.S.A. 2005 Supp. 22-4513(b). 281 Kan. 538, Syl. ¶ 1. Ali argues that the sentencing court did not make these findings at sentencing or hold a separate hearing to make the appropriate findings on the record. Thus, Ali argues that the failure to comply with the statute was fatal to a valid judgment of attorney fees. On the other hand, the State argues that our Supreme Court decided *Robinson* eight years after Ali's sentence and, thus, the precedent did not apply to Ali's sentencing.

Nevertheless, the *Robinson* holding answers the question in the affirmative if a sentencing court must state the factors in assessing attorney fees explicitly on the record. 281 Kan. at 546-47; see also *State v. Phillips*, 289 Kan. 28, 31-32, 42-43, 201 P.3d 93 (2009). The record here shows that the sentencing court never made the findings at all on the record. K.S.A. 1998 Supp. 22-4513 required the sentencing court to make financial hardship findings, but the court could not have determined Ali's ability to pay attorney fees because the court never ordered an amount of attorney fees.

Also, the remedy for a sentencing court's failure to make explicit findings is to remand to the lower court for these findings. *Robinson*, 281 Kan. at 548.

Finally, the State argues that Ali's challenge is 20 years too late. But Ali challenges the judgment as void under K.S.A. 2020 Supp. 60-260(b)(4). Of all reasons for relief from judgment listed in K.S.A. 60-260(b), only (b)(4) has no time limit because a "reasonable time" to challenge a void judgment is at any time. "A motion to set aside a void judgment may be made at any time, because the passage of time cannot cure the defect of a void judgment." *Miller v. Glacier Development Co.*, 293 Kan. 665, 672, 270 P.3 1065 (2011); see also *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, (1982). Also, on this point, the State misreads our Supreme Court's opinion in *State v. Ehrlich*, 286 Kan. 923, 926, 189 P.3d 491 (2008). Our Supreme Court held that Ehrlich did not raise the issue of BIDS attorney fees in a way which invoked appellate jurisdiction. He appealed outside of the statutory time limitation for appeal in K.S.A. 22-3608(c). Because Ehrlich's appeal was out of time, appellate courts had no jurisdiction to consider his appeal. 286 Kan. at 926. The rule from *Ehrlich* is simply that if an appeal is made, the appeal must be timely. But *Ehrlich* did not address whether a defendant can challenge a judgment for attorney fees as void, as Ali does here under K.S.A. 2020 Supp. 60-260(b)(4). The State's claim that Ali could only contest attorney fees on his first direct appeal is not a question that *Ehrlich* answers.

But it is readily apparent from the record that the sentencing court did not take account of Ali's financial resources and the nature of the burden that attorney fees would impose. Furthermore, Ali did not have an opportunity to petition the sentencing court to waive the payment or any unpaid portion thereof under K.S.A. 1998 Supp. 22-4513(b). Our Supreme Court has stated that due process requires a judge to make the findings necessary to support allocation and assessment of any cost where the Legislature has granted judges discretion to impose or determine the amount of costs, including BIDS attorney fees. *Phillips*, 289 Kan. at 30. Here, the sentencing court made no such findings

8

and made no journal entry specifically stating the amount of attorney fees. Thus, this would have given Ali no opportunity to contest all or a portion of the attorney fees assessed. The journal entry here simply stated that Ali would pay attorney fees "as determined by the Court" is void because that judgment was inconsistent with K.S.A. 1998 Supp. 22-4513(b) and with due process.

Indeed, Ali's due process is specifically set out under K.S.A. 1998 Supp. 22-4513. Because the sentencing court failed to follow the notice and hearing requirements of this statute, the judgment that Ali would pay attorney fees "as determined by the Court" is void. See *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, Syl. ¶ 6, 136 P.3d 457 (2006) ("To satisfy due process, notice must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Without such notice, due process is denied and any resulting judgment rendered is void."); see also *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976). "[A judgment] is void only if the court rendered it lacked jurisdiction of the subject matter or of the parties or *if the court acted in a manner inconsistent with due process*." (Emphasis added.)

In *Phillips*, our Supreme Court provided instructions on how to remedy attorney fees which a sentencing court imposes without considering the defendant's financial resources or the burden that the payment would impose. "[T]he assessment of BIDS attorney fees is not punitive and not a part of the sentence." 289 Kan. at 43. Thus, the sentencing court's failure to announce the amount of the fee does not mean that the fee can never be assessed. "Instead, a remand is appropriate for reconsideration of the payment of BIDS attorney fees." 289 Kan. at 43. Because Ali was not afforded due process on the issue of attorney fees, it is appropriate for this court to remand the case to the sentencing court. On remand, the sentencing court's task will be to consider the financial resources of the defendant and the nature of the burden that payment of $2,270 would have imposed on Ali, on or about October 13, 1998, when the sentencing court

should have determined whether to assess a BIDS attorney fee in this matter. If the sentencing court determines that Ali's financial condition, on or about October 13, 1998, made it unlikely that he could pay all or part of the BIDS attorney fee, the court will waive payment of all or part of this amount and reimburse this amount to Ali.

For the preceding reasons, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded with directions.

* * *

ATCHESON, J., concurring: I am puzzled by how the State and Ibraheem R. Ali have framed and argued the issues over his reimbursement of fees for the appointed lawyer who represented him in this criminal case. The State made regular and involuntary assessments against Ali's earnings while he was in prison. They ended in 2012. About six years later, Ali filed this motion to get his money back. Given what has been presented to us and despite my misgiving we are playing a role in what amounts to a legal fiction, I concur in the result we reach. In circumstances before us, it seems fair to remand Ali's motion to the Douglas County District Court to conduct an after-the-fact hearing comporting with K.S.A. 1998 Supp. 22-4513(b) and to afford Ali some financial recompense if the attorney fee reimbursement apparently would have imposed an impermissible burden on him when he was sentenced in 1998.

10