NOT DESIGNATED FOR PUBLICATION

No. 122,504

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHAPTER K. JACKSON,
*Appellant*,

v.

ASHLEY R. COLEMAN,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Opinion filed October 1, 2021. Affirmed.

*Chapter K. Jackson*, appellant pro se.

No appearance by appellee.


Before ATCHESON P.J., BRUNS and ISHERWOOD, JJ.


PER CURIAM: Chapter K. Jackson, a landlord, filed a Chapter 61 limited action in Wyandotte County District Court to evict her tenant Ashley Coleman from an apartment in Kansas City and for a money judgment covering delinquent rent and damages to the dwelling. After obtaining an order for possession of the property, Jackson did not appear at the damages hearing, so the district court entered a default judgment against her on a counterclaim Coleman had filed. Jackson, representing herself throughout these proceedings, has appealed the judgment. We affirm.

1

The abbreviated record in this case shows that Jackson filed her Chapter 61 petition on October 8, 2019, to evict Coleman and to recover $900 in back rent and $4,095 in other damages. The petition and summons were duly served on Coleman and informed her of a hearing on October 23. She and Jackson appeared without lawyers for that hearing. The district court entered an order granting Jackson immediate possession of the apartment—in a word, evicting Coleman—and continued the hearing to November 13 on Jackson's claim for money damages. See K.S.A. 61-3302(c) (district court may enter "final judgment upon one or more but less than all of the claims").

On November 6, a lawyer with Kansas Legal Services entered an appearance for Coleman and filed an answer to the petition with a counterclaim against Jackson. The counterclaim sought $5,400 in damages because the premises had been less than fully habitable during the term of the lease and Jackson failed to remedy the deficiencies. The next day the lawyer filed a notice of service stating those papers had been sent to Jackson by mail. The notice does not show when the documents were placed in the mail.

Coleman and her lawyer appeared on November 13 for the hearing on the damage claims. Jackson did not appear. After hearing from Coleman and her lawyer, the district court effectively entered a default judgment for Coleman on her counterclaim and denied Jackson's claim for damages. Jackson never filed a reply to the counterclaim in district court. Nor did Jackson file a motion with the district court to set aside the default judgment for Coleman. Jackson, instead, appealed the judgment to this court.

We pause to again remark on the difficulties legal do-it-yourselfers face in navigating even comparatively uncomplicated civil matters to successful conclusions. See *Doyle v. Nordstrom NA*, No. 122,648, 2021 WL 75017, at *7 (Kan. App. 2021) (unpublished opinion) (Atcheson, J., concurring); *Gray v. Freeman*, No. 112,248, 2015 WL 1125305, at *1 (Kan. App. 2015) (unpublished opinion). This is another example,

although we have no real way of knowing whether a lawyer might have extricated Jackson.

In her appellate brief, Jackson asserts she never received timely or proper notice of the counterclaim and was denied constitutionally required due process as a result. Jackson represents that she didn't show up for the November 13 hearing because she was no longer interested in recovering her claimed damages after obtaining an order for possession of the apartment. She also questions whether Coleman should have received what amounted to a refund of some of the rent since a government agency apparently subsidized some or all of the amount she paid.

Those are points Jackson could have made in the district court in support of a motion to set aside the default judgment entered for Coleman. They involve factual contentions that would have been tested in a hearing in the district court. Jackson would have had to offer testimony and other evidence supporting her arguments. And Coleman could have challenged the testimony through cross-examination and could have offered contrary testimony and documents. The district court would then have weighed the competing evidence in deciding whether to afford Jackson relief from the judgment.

Appellate courts have no way of engaging in a comparable testing process, so we typically cannot and do not consider claims that have not been submitted to the district court for first consideration. See *Ruhland v. Elliott*, 302 Kan. 405, 417, 353 P.3d 1124 (2015). There are limited exceptions, but Jackson does not invoke any of them. And they don't readily apply if the essential facts are unproved or disputed. See *State v. Foster*, 60 Kan. App. 2d 243, 254-55, 493 P.3d 283 (2021).

We, therefore, decline to consider the fact-bound arguments Jackson offers us on appeal. They should have been presented to the district court for determination. In turn, we properly could have reviewed a decision of the district court denying a request from

Jackson to set aside the default judgment for legal error or an abuse of discretion. See *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 20, 558 P.2d 101 (1976) (denial of motion for relief from default judgment an appealable order). This court has recognized that a party's failure to move to set aside a default judgment in the district court severely constrains appellate review of the judgment. *Church of God in Christ, Inc. v. Board of Trustees*, 47 Kan. App. 2d 674, 684-85, 280 P.3d 795 (2012). There, we declined to consider the defendants' arguments attacking a default judgment because the district court had never ruled on them.

A default judgment, however, is itself a final order that can be appealed. We, therefore, suppose we can review the record to determine if the counterclaim, the judgment, or how the district court dealt them was patently defective in a way that would render the judgment void. In other words, if the record indisputably shows an error of such magnitude the default judgment could not stand as a matter of law, we presumably have the authority to grant relief even though Jackson, as the aggrieved party, did not ask the district court to set aside the judgment. But we see no patent defect of that kind.

Coleman appeared at the October 23 hearing. Under K.S.A. 2020 Supp. 61-2904(a) and (c), she had 14 days after that appearance to file an answer to Jackson's claim for money damages and could include a counterclaim. The answer and counterclaim, therefore, were timely filed on November 6. A defendant must "promptly send" a copy of the answer and any counterclaim to the plaintiff. K.S.A. 2020 Supp. 61-2904(a). Although Coleman's notice of service did not recite a specific date and the better practice would have been to do so, the papers could not have been mailed to Jackson any later than November 7—that's prompt service of them. The answer and counterclaim appear facially proper; the nature of Coleman's counterclaim and the damages she sought come within the scope of Chapter 61 actions. See K.S.A. 61-2802.

When Jackson failed to appear at the hearing on November 13—of which she plainly had notice since it was scheduled during the October 23 hearing when she was present—the district court had the authority to enter a default judgment in favor of Coleman on the counterclaim. K.S.A. 2020 Supp. 61-3301(a)(3) (district court may enter default on defendant's counterclaim without further notice if plaintiff fails to appear "at the time set for . . . trial"). Chapter 61 also expressly provides that a defaulted party "shall file a motion" to set aside the judgment within 14 days, providing a statutory avenue for relief. K.S.A. 2020 Supp. 61-3301(c). Jackson did not avail herself of the statutory safety valve for default judgments.

We find no reversible error in the district court's decision to enter judgment for Coleman in the amount of $5,400 on her counterclaim against Jackson.

Affirmed.